SHAW *v.* SHAW.

[No. 19,711. Filed December 7, 1964. Rehearing denied December 30, 1964.]

*Benjamin E. Buente, Jr.,* of Evansville, for appellant.

*Warren and Combs,* of Evansville, for appellee.

RYAN, J.—The appellant, Patricia A. Shaw, had filed her complaint against the appellee to recover damages for personal injuries alleged to have been sustained by the appellant, which allegedly resulted from a collision between an automobile operated by the appellant's husband, in which she was riding, and an automobile which was being operated by the appellee. Trial was had by jury, who returned a verdict in favor of the defendant-appellee, and consistent judgment was rendered thereon.

Appellant thereupon filed her motion for a new trial, which alleged generally that the court erred in sustain-

ing the motion of the defendant-appellee to reconsider its ruling on defendant's motion to strike parts of the plaintiff's complaint; that the verdict of the jury was not sustained by sufficient evidence and was contrary to law; and that the trial court erred in refusing to give certain instructions, and further that it erred in giving repetitious instructions.

As to the first of the appellant's contentions, the appellee had moved the court to strike from the appellant's complaint the following words:

" . . . a beginner driver, unaccompanied, . . . "

First of all, it is well established that the trial court may, during the progress of the case, and when convinced that a previous ruling is erroneous, reconsider and vacate the previous ruling and enter a modified or contrary ruling. *The First National Bank of Huntington* v. *Williams et al.* (1891), 126 Ind. 423, 425, 26 N. E. 75; *Maley* v. *Citizens Nat. Bank* (1950), 120 Ind. App. 642, 651, 92 N. E. 2d 727; *Baltimore & Ohio R. Co.* v. *Patrick, Admtrx.* (1960), 131 Ind. App. 105, 166 N. E. 2d 654.

Secondly, Indiana has always recognized the rule that negligence cannot be predicated upon the mere lack of an operator's license. Negligence must be determined from the facts surrounding the accident. The lack of a license is immaterial unless a causal connection between the injuries and the failure to have a license is shown. If a person, whether an adult or a minor, whether licensed or unlicensed to operate an automobile, does in fact operate such automobile with that degree of care and skill that is required of a licensed operator, negligence cannot be predicated upon the mere fact of minority or lack of such

license. *Wood* v. *Snyder* (1925), 83 Ind. App. 31, 33, 147 N. E. 314; *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 455, 195 N. E. 81.

The questions of whether or not the appellee was negligent and whether or not such negligence was the proximate cause of the alleged injuries of the appellant were factual questions to be determined by the jury under the evidence presented to it. The evidence was in conflict upon these questions, and evidence was adduced which could sustain the verdict. It is only where the evidence is without conflict and leads to but one reasonable conclusion and a contrary conclusion has been reached, that such verdict will be disturbed as being contrary to law. *Metrailer et al.* v. *Bishop et al.* (1959), 130 Ind. App. 77, 162 N. E. 2d 94.

As to the contention that the verdict of the jury was not sustained by sufficient evidence, the verdict was negative to the appellant, who was the plaintiff below, and therefore no question is presented us.

On the question of instructions, appellant complains because several of her proposed instructions were not given. However, a review of the instructions which were given shows that the jury was properly and fully instructed, and that the assertion that the jury was instructed repetitiously is without merit.

There being no reversible error, the judgment is affirmed.

Judgment affirmed.

Carson and Cooper, JJ., concur.

Judge Clements did not participate in the hearing of

oral argument. His untimely death occurred before the adoption of this opinion.

NOTE.—Reported in 202 N. E. 2d 587.