PAUL LOEHRLEIN v. FLOYD STAUB, INC., ET AL.

[No. 370A32. Filed December 30, 1971.]

*William J. Brune, Arthur Griffith,* of counsel of Evansville, for appellant.

*Robert H. Hahn, Bamberger, Foreman, Oswald & Hahn,* of counsel, of Evansville, for appellee.

STATON, J.—This is an appeal from a jury verdict which found against Paul Loehrlein who had brought an action for damages. He was injured while operating a crane. An unloading dump truck toppled over onto the cab of his crane.

Feigel Construction Company had a contract to demolish old Highway 41 and to construct a new Highway 41. Paul Loehrlein was employed by Feigel Construction Company as

an operator of a pulley type crane. On June 9, 1966, Paul Loehrlein was operating the crane at the bottom of a slope and below the new highway on a "haul road" just north of the Indiana-Kentucky border. He was placing fragmented chunks of concrete and asphalt pavement from old Highway 41 on the slope of the west bank of the new Highway 41. His crane and boom were facing north and parallel to the highway. He swung the boom to the right in an eastwardly direction and noticed that a dump truck had pulled in behind him and that the bed of the dump truck was rising. The second glance revealed the closing image of a dump truck bed crashing down upon the crane's cab. The truck bed came through the cab door striking him behind the right leg and pinning his left leg against the frame work for approximately twenty minutes. After nine days in the hospital and after recuperating at home, he was released for work on July 8, 1966. His expenses for hospital and doctor were $417.80. He had lost wages for thirty-one days at an hourly rate of $4.12½.

Feigel Construction Company had rented two trucks from Floyd Staub, Inc., an excavating company that hauled dirt, rocks and did other types of trucking jobs within a ten mile radius of Evansville, Indiana. Bobby Van Hooser was driving one of the dump trucks loaded with the fragmented chunks of concrete and asphalt from old Highway 41 to the location where Paul Loehrlein was working as a crane operator on June 9, 1966. Bobby Van Hooser was an experienced driver hired and paid by Floyd Staub, Inc. He came with the rented truck that Feigel Construction Company was paying $9.00 per hour for as rental. It was about 11:30 A.M. in the morning on a hot June 9th, 1966, when Bobby Van Hooser arrived at the location where Paul Loehrlein was "rip-rapping" the banks of new Highway 41. Woodrow Burden, an employee of Feigel Construction Company, "was spotting the trucks to dump where Loehrlein would tell me to put 'em." On direct-examination, Burton testified as follows:

"Q. Who told you where to spot them?

A. Well, the foreman told me when he took me down there. He said to spot 'em where the operator told me to— where he could reach 'em.

Q. And who was the operator?

A. Mr. Loehrlein."

Paul Loehrlein contends that the court erred in overruling his motion to strike rhetorical paragraph 3, Second Paragraph of Bobby Van Hooser's Answer. Paragraph 3 is as follows:

"3. Plaintiff Paul Loehrlein was at the time and place of his alleged injury subject to the rights and remedies of the Indiana Workmen's Compensation Act, Burns Sec. 40-1201 Ind. Ann. Stat., and all other rights and remedies of the Plaintiff, including his alleged right, if any, to bring an action against another employee, such as defendant Bobby Van Hooser, of his employer, Feigel Construction Company, are and were specifically excluded by the provisions of the aforesaid Indiana Workmen's Compensation Act, Burns Sec. 40-1201 et seq., Ind. Ann. Stat. (Burns', 1965).

WHEREFORE, the Defendant Bobby Van Hooser, prays that Plaintiff take nothing by way of his amended complaint herein and that he be discharged with his costs, and for all other proper relief."

The same question of law is presented in this second and following contention of error; therefore, we will consider both the error set out above and the one to follow together. The second contention of error to be considered at the same time as the one above is that the court erred in refusing to give Instruction No. A-2, which is as follows:

## "PLAINTIFF'S INSTRUCTION NO. A-2"

"The Court hereby withdraws from your further consideration the issues presented by the following allegation contained in rhetorical paragraph three (3) of the answer to plaintiff's amended complaint:

"Plaintiff, Paul Loehrlein was at the time and place of his alleged injuries subject to the rights and remedies of the

Indiana Workmen's Compensation Act, Sec. 40-1201, Ind. Ann. Stat., and all other rights and remedies of the Plaintiff, including his alleged right. if any, to bring an action against another employee, such as defendant, Bobby Van Hooser, or his employer, Feigel Construction Company, are and were specifically excluded by the provisions of the aforesaid Workman's Compensation Act, Sec. 40-1204 et seq., Ind. Ann. Stat. (Burns' 1965)."

The defense Bobby Van Hooser is asserting can be summarized as follows: If he can prove facts sufficient to show that he was an employee of the Feigel Construction Company at the time of the accident, as defined by the Workmen's Compensation Act then Paul Loehrlein's common law remedy would be barred by IC 1971, 22-3-2-6; Ind. Ann. Stat. § 40-1206 (Burns' 1965). This is a defense available to Bobby Van Hooser but not Floyd Staub, Inc.

Bobby Van Hooser the driver of the dump truck which overturned was performing a work assignment given to him by Feigel Construction Company. Floyd Staub, Inc., hired and paid Bobby Van Hooser. His services were rented with the truck. Feigel had a contract with the state to demolish old Highway 41 and to construct a new Highway 41. Floyd Staub, Inc., had no contract with the state regarding the highway. His contractual obligation was to provide a truck and driver to Feigel on an hourly rental basis. Robert Staub testified:

"Q. Did you have any control over the work?
A. Well, they would call and ask—if they needed two or three trucks, they would call of a morning whatever they needed, and then I would send them to the job.
Q. And then after the trucks and drivers left for the job, did you have any control over the work they were performing?
A. No, I never went out and told them anything to do on the job."

There was undoubtedly a mixed control between Floyd Staub, Inc., and Feigel Construction Company over the direction and work activities of Bobby Van Hooser and his truck.

However, it was Feigel Construction Company that had the right to control and did control the work assignment and the act being done to carry out that work assignment when the accident occurred. There is sufficient evdience in the record to support the jury's determination that Bobby Van Hooser was the borrowed servant of Feigel Construction Company at the time of the accident. *Wabash Smelting, Inc.* v. *Murphy* (1962), 134 Ind. App. 198, 186 N. E. 2d 586; *Long* v. *Sims Motor Transport Co.* (1954), 124 Ind. App. 504, 117 N. E. 2d 276; *New York Central R. R. Co.* v. *Northern Indiana Public Service Co.* (1966), 140 Ind. App. 79, 221 N. E. 2d 442; *Sargent Paint Co.* v. *Petrovitzky* (1919), 71 Ind. App. 353, 124 N. E. 881.

We find no error in overruling Paul Loehrlein's motion to strike rhetorical paragraph three (3), and we find no error in refusing to give Plaintiff's Instruction Number A-2.

Paul Loehrlein contends that the court erred in giving Floyd Staub, Inc.'s Instruction No. 4, which reads as follows:

"The plaintiff has alleged in his complaint that at the time of the accident the defendant Bobby Van Hooser was an agent, servant and employee of the defendant Floyd Staub, Inc., and acting within the scope of his employment.

You are instructed that although one may be in the general service of another, including the receipt of wages from such person, nevertheless, with respect to particular work he may be transferred to the service of a third person, so that he becomes the employee of such third person. If the third person has the right to control the employee in the specific actions which result in the accident and, if the employee is at that time acting in the performance of a third person's particular business and his general employer does not have the right to control those actions, then he is the employee of the third person and not his regular employer.

Therefore, if you find from a preponderance of the evidence that the defendant, Bobby Van Hooser, although he was generally employed and paid wages by the Defendant Floyd Staub, Inc., was transferred to the service of Feigel Construction Company, Inc., at the time of the accident in question and was in the performance of Feigel Construction

Company Inc., business, and if you further find that Feigel Construction Company, Inc., had the right to control the defendant Bobby Van Hooser in the specific actions which resulted in this accident, and that the defendant, Floyd Staub, Inc., did not have such right, then I instruct you that the defendant Bobby Van Hooser was an employee of Feigel Construction Company, Inc., at the time and place in question and the defendant Floyd Staub, Inc., would have no responsibliity for the actions of the defendant Bobby Van Hooser. Furthermore, under these circumstances the plaintiff would not be entitled to recover against either defendant."

Paul Loehrlein's argument against the giving of Instruction No. 4 above is that: "* * * it fails to include as an instruction that the 'abandonment' by the general employer must first take place and that it further fails to include a statement concerning the furtherance of the business of defendant, Floyd Staub, Inc., as an issue to be considered."

We find nothing in the facts which would make the element of "abandonment" the necessary subject of an instruction. Bobby Van Hooser was furthering the business of both Feigel Construction Company and Floyd Staub, Inc. In *New York Central R. R. Co.* v. *Northern Indiana Public Service Co., supra,* at p. 92, this court stated:

"The appellant places particular emphasis on the fact that the general employer had responsibility for the care and maintenance of the machine. However, as previously expressed, it is right to control relative to the specific act in question. Consequently, in a situation as in the facts at bar, it is necessarily true that the general employer could be liable for the results of certain acts of the operator while the special employer could be liable for the results of other acts of the operator. The Restatement of Torts, *supra,* adopts this position in § 227 which states:

'A servant directed or permitted by his master to perform services for another may become the servant of such other in performing the services. He may become the other's servant as to some acts and not as to others.'

In *Scharf* v. *Gardner Cartage Co., supra,* the act in question could have been due to the negligence of the bailor in supplying a defective machine or due to the negligence of the

borrowed servant as the agent of the bailee in the operation of the machine. The court stated that whether servant was the agent of the bailor or bailee and the question of whose negligence resulted in the accident were both questions for the jury. See also *Nepstad* v. *Lambert, supra,* wherein the court stated at p. 621:

" '* * * there is nothing logically inconsistent, when using this test in findings that a given worker is the servant of one employer for certain acts and the servant of another for other acts.' "

We find no error in giving defendants' Instruction No. 4.

Paul Loehrlein further contends that the court erred in refusing to give the jury his Tendered Instructions One (1), Four (4), and Seven (7). These Instructions are as follows:

### *Instruction No. 1*

"You are instructed that Indiana Law recognizes that a person may be the employee of two separate employers at the same time as to one act, if the service to one does not involve abandonment of the service to the other. Therefore, if you should find that the plaintiff was injured, and that such injuries were the proximate result of the negligence of the defendant, Bobby Van Hooser, and that the plaintiff was not guilty of contributory negligence, and you further find that the defendant, Bobby Van Hooser, was at the time of committing said negligent acts within the scope of his employment of both Feigel Construction Company and the defendant, Floyd Staub, Inc., then you should find for Paul Loehrlein and against the defendants, Floyd I. Staub, Inc."

### *Instruction No. 4*

"You are instructed that the mere leasing by defendant, Floyd I. Staub, Inc., of a dump truck and operator to the Feigel Construction Company, whereby said Feigel Construction Company allegedly agreed to be responsible for the supervision of said operator and truck does not of itself releave the defendant, Floyd I. Staub, Inc., of liability for the negligence of said operator. You are to determine from the evidence whether defendant, Bobby Van Hooser, was an employee of defendant, Floyd I. Staub, Inc., at the time said defendant Bobby Van Hooser committed said acts of negligence if you so find that he was negligent."

## Instruction No. 7

"The Court instructs you that there was in force a Statute in the state of Indiana which provides:

'40-1701 (b) The term 'employee' as used in this act shall be construed to include every person, including a minor in the service of another under any contract of hire or apprenticeship written or implied, except one whose employment is both casual and in the usual course of trade * * *.'

Therefore, if you find from a preponderance of the evidence that the defendant, Bobby Van Hooser was in the service of the defendant, Floyd I. Staub, Inc., under any contract of hire, written or implied, at the time complained of in plaintiff's complaint, and was acting in the scope of such employment, then you should find that he was an 'employee' of defendant, Floyd I. Staub, Inc., at the time in question; and, further if you should find that at the time in question defendant, Bobby Van Hooser was not in the service of Feigel Construction Company under any contract of hire, written or implied, at the time complained of in plaintiff's complaint, then you should find that the defendant, Bobby Van Hooser, was not an 'employee' of Feigel Construction Company at said time."

Plaintiff's Instruction No. 1 is an erroneous statement of the law and was therefore properly refused by the trial court. An employee does not have to abandon the service of his regular employer to be the borrowed servant of another. *New York Central R. R. Co.* v. *Northern Indiana Public Service Co., supra.*

Instruction No. 4 repeats the elements of the Indiana Borrowed Servant Doctrine which has already been set forth in Loehrlein's requested Instructions Nos. 2, 3, 6 and 8. These latter instructions were given by the trial court. The trial court is under no duty to repeat instructions with similar meaning or on matters already covered by other instructions. The error, if any, is harmless. *Trent* v. *Rodgers* (1952), 123 Ind. App. 139, 104 N. E. 2d 759.

Instruction No. 7 would have confused and mislead the jury if the court had decided to give it. The determination to

be made by the jury was: who had the right to control Bobby Van Hooser and direct his activities in accomplishing a specific work assignment and whose work was he performing? The court did not err in refusing Paul Loehrlein's Instruction No. 7.

Paul Loehrlein contends as his last assignment of error that the court erred in refusing to give Instruction No. A-1.

### INSTRUCTION NO. A-1

"The court hereby withdraws from your further consideration the issues presented by the following allegations of defendant Bobby Van Hooser's and contain in rhetorical paragraph 1 of said Bobby Van Hooser's second paragraph of answer to plaintiff's amended complaint:

'That at the time and place in question, the defendant Bobby Van Hooser was operating a dump-truck under the direction, supervision and control of Feigel Construction Company and as an employee of Feigel Construction Company and was acting in the course and scope of his employment at said time in the performance of Feigel Construction Company's work along U. S. Highway #41.' "

This instruction attempts to strike down the applicability of the Borrowed Servant Doctrine and the effect of the Indiana Workmen's Compensation Act. Much of what we stated when considering Plaintiff's Instruction A-2 and his motion to strike rhetorical paragraph 3 of the Second Paragraph of Bobby Van Hooser's Answer would apply here. The work being performed was that of Feigel Construction Company. Feigel Construction Company had the right to direct and control Bobby Van Hooser as he performed the work assignment. The act of placing the fragmented chunks of broken pavement was under the direct control of Feigel Construction Company employees. They had the right to control. They were controlling the specific act of unloading and placing broken pavement to "rip-rap" the banks of new Highway 41. They were performing the work of their employer, Feigel Construction Company. The court did not commit error in refusing this instruction.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C. J., Sharp and White, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 865.