297 N.E.2d 483 (1973)
THE METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, and the Department of Metropolitan Development of the City of Indianapolis, by Its Division of Planning and Zoning, Appellants,
v.
Everett NEWLON and Metropolitan Board of Zoning Appeals of Marion County, Division Three, Appellees.
No. 2-173A12.
Court of Appeals of Indiana, Second District.
June 21, 1973.
Rehearing Denied July 18, 1973.
David F. Rees, Deputy Corp. Counsel, Indianapolis, for appellants.
*484 James R. Nickels, of Bulen & Castor, Indianapolis, for appellees.

ON APPELLEE'S MOTION TO DISMISS OR AFFIRM
PER CURIAM.
This case is before the Court on the Motion of the appellee Everett Newlon to Dismiss or Affirm an attempted appeal. Said Motion asserts that the appellants were not authorized to petition for a Petition for Writ of Certiorari in the trial court, and that they are not authorized to bring this appeal because they are not aggrieved as contemplated by the statute.
The statute involved reads as follows:
IC XX-X-X-XX
"53-974. Petition for writ of certiorari from decision.  Every decision of a board of zoning appeals shall be subject to review by certiorari. The decision of a board of zoning appeals established pursuant to section 59 [§ 53-957] or section 61 [§ 53-959] of this chapter shall not be subject to review by certiorari until after the expiration of the time granted for an appeal by the executive director as specified in section 71 [§ 53-969]. If the executive director takes an appeal, a writ of certiorari may be sought only against the decision of the metropolitan plan commission sitting as a board of zoning appeals.
"Subject to the above limitations, any person aggrieved by a decision of the board of zoning appeals, not including the executive director, may present to the circuit or superior court of the county in which the premises affected are located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty [30] days after the decision of the board of zoning appeals or if the writ of certiorari is sought against the decision of the metropolitan plan commission sitting as a board of zoning appeals, the petition shall be presented to the court within thirty [30] days after the decision of the metropolitan plan commission.
"No change of venue from the county in which the premises affected are located shall be had in any case arising under the provisions of this section. [Acts 1955, ch. 283, § 74, p. 786; 1957, ch. 184, § 3, p. 388; 1965, ch. 434, § 21, p. 1375; 1969, ch. 299, § 9, p. 1250; 1972, P.L. 139, § 5, p. 673.]" (Our emphasis)
The defendant-appellee Newlon properly asserted in the trial court, by filing his Motion to Dismiss, that the plaintiffs-appellants were not aggrieved persons as contemplated by the statute. The trial court overruled defendant's Motion to Dismiss. However, the court thereafter changed its position and entered special findings of fact and conclusions of law and decree, in which the court held that neither the plaintiff, Metropolitan Development Commission of Marion County, nor the plaintiff, the Department of Metropolitan Development of the City of Indianapolis by its Division of Planning and Zoning, was authorized by the terms of the Indiana Statutes to bring a Petition for Writ of Certiorari before the court.
A court has inherent power to control its own orders. It is therefore perfectly proper for a trial court to reconsider a previous order, and to vacate it, or make a modified or contrary order while the case is still in fieri. State ex rel. Welty v. Allen Superior Court No. 2 (1962), 243 Ind. 378, 185 N.E.2d 617; Shaw v. Hart (1964), 136 Ind. App. 567, 202 N.E.2d 587; Maley v. Citizens Natl. Bank of Evansville (1950), 120 Ind. App. 642, 92 N.E.2d 727; Mak-Saw-Ba Club v. Coffin (1907), 169 Ind. 204, 82 N.E. 461.
It has been held that there is no such finality to an order overruling a defense *485 on motion prior to trial, which prevents the court from reconsidering its ruling at any time prior to final judgment. In the case of Kenemer v. Arkansas Fuel Oil Co. (5 Cir.1945), 151 F.2d 567, 568, the court stated: "The overruling of the written motion (to dismiss) was but an interlocutory decree which could be reconsidered and reviewed, as the court might see fit, at any time prior to final judgment."
The disposition of this case is governed by the case of Metropolitan Development Commission of Marion County et al. v. Cullison et al (1972), Ind. Ct. App., 277 N.E.2d 905, in which this Court discussed at length the term "aggrieved", and decided that neither plaintiff in that case was a person aggrieved. The plaintiffs in the Cullison case are the same and only plaintiffs in this case. Upon the authority of Cullison, and cases cited therein, we now hold that plaintiffs-appellants in this case have no standing to bring this appeal. Accordingly, the motion of the appellee Newlon to affirm is sustained, and the judgment of the trial court is affirmed.