**Thomas FOX, Appellant (Plaintiff Below),**

v.

**CONTRACT BEVERAGE PACKERS, INC., Appellee (Defendant Below).**

No. 2–678A210.

Court of Appeals of Indiana, Second District.

Jan. 8, 1980.

Rehearing Denied Feb. 22, 1980.

Robert D. Epstein, Connor, Epstein & Frisch, Indianapolis, for appellant.

Sonia J. Leerkamp, C. V. Malan, Noblesville, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Plaintiff-Appellant Thomas Fox (Fox) appeals a summary judgment entered against him arising from his independent action for negligence against the defendant-appellee Contract Beverage Packers, Inc. (Contract), claiming there is a factual issue as to whether he was an employee of Contract.

We affirm.

## FACTS

The facts as contained in the pleadings, various affidavits, and answers to interrogatories indicate that on February 17, 1975, Fox reported to the offices of Manpower, Inc. and was assigned to work at Contract's plant. Manpower, a temporary help agency, had entered into an agreement with Contract whereby Manpower selected and provided, as needed, temporary employees to work at Contract's plant. The agreement provided that Contract would pay Manpower $3.55 an hour for each employee supplied and that Manpower would be responsible for all records and bookkeeping for supplied employees including withholding taxes, and paying workmen's compensation insurance. In addition, Contract had the option of refusing any one employee or dismissing an employee whose work was inadequate.

Manpower's agreement with Fox provided that Fox would receive wages of $2.55 an hour from Manpower and would not be paid by Contract. It was implied in the agreement that Fox would not have to accept employment at any one particular location.

Contract had control of Fox while he was working at Contract's plant. Contract assigned Fox to the particular job he was to do at the plant and told him how to carry out the assignment. The equipment and tools which Fox was to use were supplied by Contract. Contract determined the number of days it would need Fox's services and established the hours Fox would work each day.

While employed at Contract's plant, Fox slipped and caught his left arm in a conveyor belt causing injury to this arm. Fox received workmen's compensation benefits from the insurance carrier for Manpower.

Subsequently, on July 26, 1976, Fox filed a complaint in the Hamilton Superior Court alleging that Contract's negligence was the proximate cause of his injury. The trial court initially denied Contract's motion for summary judgment. Later, however, the Court on its own motion vacated its order denying the motion and entered summary judgment for Contract.

## ISSUES

Fox presents two issues on appeal:

1. Whether Manpower was the sole employer of Fox thereby allowing Fox to recover from Contract on a claim of negligence rather than be limited to a claim under the Workmen's Compensation Act.

2. Whether the trial court erred in entering summary judgment on its own

motion and without any additional evidence after having initially denied the motion.

## DECISION

*ISSUE ONE*—Whether Manpower was the sole employer of Fox thereby allowing Fox to recover from Contract on a claim of negligence rather than be limited to a claim under the Workmen's Compensation Act.

*PARTIES' CONTENTIONS*—Fox argues that he was not an employee of Contract, or, in the alternative, that the question of whether he was an employee of Contract involves a mixed issue of fact and law to be decided by the trier of fact and cannot be the subject of summary judgment.

Contract replies that the facts are not in dispute; the undisputed evidence was that Fox was an employee of Contract and therefore summary judgment was properly entered in its favor.

*CONCLUSION*—The trial court properly entered summary judgment for Contract; Fox was an employee of Contract as ·a matter of law and his remedy is confined to benefits under the Workmen's Compensation Act.

■ All are aware that a summary judgment can be granted only if there is no material issue of fact to be determined at trial. *Tekulve v. Turner* (1979), Ind.App., 391 N.E.2d 673. And in considering whether summary judgment was properly entered, we look to the evidence most favorable to the party opposing the summary judgment, i. e., Fox. *Papp v. City of Hammond* (1967), 248 Ind. 637, 230 N.E.2d 326.

■ Here the parties agree that the basic facts are not in dispute. But Fox argues that the reasonable inferences arising from the facts are conflicting and if this is true there could be a factual issue as to the purported employer-employee relationship. *Clayton v. Penn Central Transportation Co.* (1978), Ind.App., 376 N.E.2d 524; *Randolph v. Wolff* (1978), Ind.App., 374 N.E.2d 533. The importance of the factual issue of the existence of an employer-employee relation-

ship being, of course, that if Contract is Fox's employer, Fox cannot bring this action for negligence against Contract as Fox would be limited to workmen's compensation benefits. The purpose of workmen's compensation is to provide to an employee monetary compensation by holding *the employer* strictly liable for any injuries incurred by his employee within the course of his employment. *Ross v. Schubert* (1979), Ind.App., 388 N.E.2d 623.

■ However, there may be more than one employer of an employee at any given time. Indiana courts have recognized duality of employment and have considered the liability of the parties when one employer has "loaned" his employee to another employer. *See, e. g., Loehrlein v. Floyd Staub, Inc.* (1971), 150 Ind.App. 598, 276 N.E.2d 865; *New York Central Railroad Co. v. Northern Indiana Public Service Co.* (1966), 140 Ind.App. 79, 221 N.E.2d 442; *Wabash Smelting, Inc. v. Murphy* (1962), 134 Ind. App. 198, 186 N.E.2d 586 (overruled on other grounds, *McKinley v. Review Board of Indiana Employment Security Division* (1972), 152 Ind.App. 269, 283 N.E.2d 395); *Long v. Sims Motor Transport Lines* (1954), 124 Ind.App. 504, 117 N.E.2d 276; *Jackson Trucking Co. v. Interstate Motor Freight System* (1952), 122 Ind.App. 546, 104 N.E.2d 575; *Sargent Paint Co. v. Petrovitzky* (1919), 71 Ind.App. 353, 124 N.E. 881.

An individual can be the employee of two employers if both employers possess a substantial, but not necessarily exclusive, right or power of control over the employee and the means, manner, and method of his performance.

■ The parties do not dispute that when the accident occurred Fox was an employee of Manpower, but they do dispute whether there is a material issue of fact as to Contract's "employment" of Fox.

The factors used to determine if an employer-employee relationship exists are several: (1) the right to discharge; (2) the mode of payment; (3) supplying tools or equipment; (4) belief of the parties in the existence of an employer-employee relation-

ship; (5) control over the means used in the results reached; (6) length of employment; (7) establishment of the work boundaries. *Gibbs v. Miller* (1972), 152 Ind.App. 326, 283 N.E.2d 592. The courts have also uniformly held that in order for there to be an employer-employee relationship there must be a contract, either express or implied. *Jackson Trucking Co. v. Interstate Motor Freight System, supra*; B. Small, Workmen's Compensation Law of Indiana, § 4.13 (1950).

■ It is undisputed there was an implied contract between Fox and Contract. It was understood by both parties that Fox would be expected to work, at least to the extent of one day, or a period during that day when Fox was needed, at the plant of Contract. Both parties entered willingly into this agreement because Contract had the right to refuse Fox as an employee and Fox had the right to refuse to work at the Contract plant.

It is further undisputed that a majority of the indicia of employer-employee relationship were present in the agreement between Contract and Fox. Contract had control over Fox while he was working at its plant. Contract was responsible for providing instructions as to how and where the work was expected to be done, as well as providing any necessary tools or equipment. Contract determined the length of time Fox would be required to work at the plant and had the right to discharge Fox if his work was unsatisfactory. The only indicium of the employer-employee relationship not present was that Contract did not remunerate Fox directly, but rather paid him indirectly through Manpower. However, the mere fact that Contract did not pay Fox directly would not defeat the existence of an employer-employee relationship. *Loehrlein v. Floyd Staub, Inc., supra; New York Central Railroad Co. v. Northern Indiana Public Service Co., supra; Jackson Trucking Co. v. Interstate Motor Freight System, supra.*

Moreover, Fox's claim that he was not employed by Contract cannot be bolstered by his observation that Contract did not carry workmen's compensation insurance for him. It is statutorily provided that if an employee is in the joint employ of two or more employers, those employers have the right to contract between themselves as to who shall bear the responsibility of carrying workmen's compensation insurance. Ind. Code 22–3–3–31; *see also Motor Dispatch, Inc. v. Snodgrass* (1973), 157 Ind.App. 591, 301 N.E.2d 251. Pursuant to this statute, Manpower carried workmen's compensation insurance for Fox and by so doing, satisfied the workmen's compensation responsibility of both Manpower and Contract. Therefore, the mere fact that Contract did not contribute directly to Fox's workmen's compensation recovery does nothing to destroy the existence of an employer-employee relationship between Fox and Contract.

Thus, we must conclude there are no material issues of fact or conflicting inferences therefrom as to Fox's employment by Contract, and that as a matter of law Contract was Fox's employer and subject to the provisions of the Workmen's Compensation Act.

*ISSUE TWO*—Whether the trial court erred in entering summary judgment on its own motion and without any additional information after having initially denied the motion.

*PARTIES' CONTENTIONS*—Fox contends that by entering the summary judgment the trial court erred because it did not consider any evidence other than what was before it when it had previously denied the motion . . . without benefit of authority.

■ Contract responds that the court had the power to enter such a motion and there was no abuse of discretion.

*CONCLUSION*—The court did not err in entering the summary judgment.

A summary judgment *shall* be granted whenever there is no material issue of fact. Indiana Rules of Procedure, Trial Rule 56. *Middelkamp v. Hanewich* (1977), Ind.App., 364 N.E.2d 1024. We have already determined there was no material issue of fact and that summary judgment was proper.

By merely sagaciously reconsidering its previous order and entering the proper judgment pursuant to TR. 56, the court cannot be found to have erred or abused its discretion. *Metropolitan Development Commission v. Newlon* (1973), 156 Ind.App. 464, 297 N.E.2d 483; *Jackman v. Jackman* (1973), 156 Ind.App. 27, 294 N.E.2d 620; *Shaw v. Hart* (1964), 136 Ind.App. 567, 202 N.E.2d 587.

Affirmed.

SULLIVAN and NEAL (sitting by designation), JJ., concur.