**Sandra K. POYNTER, Appellant (Claimant Below),**

v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Anthony C. Guido, Joe A. Harris and Nanette L. McDermott, as Members of and as Constituting the Review Board of the Indiana Department of Employment and Training Services, and Columbus Sportswear, Appellees.**

No. 93A02–8904–EX–190.

Court of Appeals of Indiana, Third District.

Nov. 30, 1989.

Thomas M. Frohman, Jamie Andree, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Judge.

Appellant-claimant Sandra K. Poynter appeals a decision by the Indiana Department of Employment and Training Services Review Board reducing her unemployment benefits.

Indiana law provides that when persons voluntarily terminate their employment without good cause, they are disqualified from receiving unemployment compensation benefits. IND. CODE § 22–4–15–1(a) (1988 Ed.). An exception to disqualification is provided by IND. CODE § 22–4–15–1(c)(1) (1988 Ed.):

"An individual shall not be subject to disqualification because of separation from his prior employment if he left to accept with another employer previously secured permanent full-time work which offered reasonable expectation of betterment of wages or working conditions and thereafter was employed on said job for not less than ten (10) weeks or if, having been simultaneously employed by two (2) employers, he leaves one (1) such employer voluntarily without good cause in connection with the work but remains in employment with the second employer for at least ten (10) weeks subsequent to leaving the first employer, or if he left to

accept recall made by a base-period employer."

The Employment Security Act should be liberally construed in favor of the employee. *USS, a Div. of USX Corp. v. Review Bd.* (1988), Ind.App., 527 N.E.2d 731, 737. The statute prefers a finding of covered employment unless the tests for exclusion are strictly met. *Furr v. Review Bd. of Ind. Emp. Sec. Div.* (1985), Ind.App., 482 N.E.2d 790, 794.

The facts indicate that Columbus Sportswear employed Poynter from October 20, 1987 until she voluntarily terminated her employment on September 14, 1988. Prior to leaving Columbus Sportswear, Poynter signed up with Manpower, a temporary employment service. On September 14, 1988, Manpower placed Poynter in a job with United Technologies. Poynter left Columbus Sportswear because her new job offered better wages and hours.

From September 14, 1988 to October 31, 1988, Manpower issued paychecks to Poynter. On October 31, 1988, United Technologies put Poynter on its payroll and gave her a raise. On December 2, 1988, United Technologies laid off Poynter.

The Review Board found that Poynter was employed by Manpower for 6 weeks and United Technologies for 5 weeks. Poynter contends that she was an employee of United Technologies for 11 weeks after she left Columbus Sportswear.

In *Fox v. Contract Beverage Packers, Inc.* (1980), Ind.App., 398 N.E.2d 709, Manpower placed Fox in a job at the Contract Beverage plant. Manpower issued paychecks to Fox. The appeals court affirmed a ruling that Fox was an employee of Contract Beverage and subject to the Worker's Compensation Act.

In the present case, Poynter reported to the same job at the same work site at United Technologies for 11 weeks. United Technologies directed, controlled and supervised the means, manner and method of Poynter's box making job for 11 weeks. The mere fact that Manpower issued paychecks to Poynter for 6 weeks does not defeat the existence of an 11 week employer-employee relationship between United Technologies and Poynter. *Id.* at 712.

The Review Board erred as a matter of law by failing to find that an 11 week employer-employee relationship existed between United Technologies and Poynter. The Review Board erred in ruling that Poynter failed to satisfy the exception to disqualification in IND. CODE § 22–4–15–1(c)(1) and in reducing her unemployment benefits.

Reversed.

GARRARD, P.J., and STATON, J., concur.