Jay **MOBERLY** and Jenny **Moberly**,
Appellants–Plaintiffs,

v.

William **DAY** d/b/a Day Farms,
Appellee–Defendant.

No. 07A01–9906–CV–216.

Court of Appeals of Indiana.

June 22, 2000.

James R. Fisher, A. Richard M. Blaiklock, Indianapolis, Indiana, James T. Roberts, Nashville, Indiana, Attorneys for Appellants.

J. Lee McNeely, Paul A. Logan, Shelbyville, Indiana, Attorneys for Appellee.

**OPINION**

GARRARD, Senior Judge

William Day owns and operates a farm. Two of his daughters and their husbands, Jay Moberly and Joe Hendershot, live approximately a quarter mile away. For several years the sons-in-law have, upon his request, assisted Day in the farming operations. On these occasions Day determined what he considered to be a fair payment for the services provided and

paid the men that amount, either in cash or by check.

In June, 1997, Day had been ill and Moberly and Hendershot came to the farm at Day's request to dig up and repair some drainage tile in one of the fields. Hendershot had previously done this kind of work and brought a backhoe. Hendershot was on the backhoe and Moberly attempted to climb on in order to ride to the field. As he did so, the boom was activated, swung around and seriously injured his leg. He subsequently commenced this action against Day to recover for his injuries alleging that he was an employee of Day at the time he was injured and Day was liable on the basis of respondeat superior.

Day answered in denial and asserted several affirmative defenses. After the three had been deposed he moved for summary judgment asserting that Moberly and Hendershot were independent contractors, and he was therefore not liable for any negligence of Hendershot. Additionally, he contended that if the two were employees recovery was barred by the fellow servant doctrine. The trial court granted summary judgment on the basis that Hendershot was an independent contractor.

We find that summary judgment was inappropriate. In *Mortgage Consultants v. Mahaney*, 655 N.E.2d 493 (Ind.1995) our supreme court reviewed the law governing the distinction between employer-employee relationships and independent contractor status. The court recognized the longstanding general rule that the determination is a question of fact. 655 N.E.2d at 496. The court quoted with approval Restatement (Second) of Agency, § 220, which lists ten factors that may be considered,[1] and then noted the list was not exhaustive. It also noted that all factors must be assessed; no one is dispositive. 655 N.E.2d at 495–496.

In the instant case the familial relationship of the parties adds an additional factor that may skew some of the considerations. For example, the extent to which Moberly and Hendershot were subject to Day's control or right to control might be masked or altered by their close family ties and their affection for each other. Similarly, the relationship might explain why Moberly and Hendershot were ready to work whenever called upon.

■ In sum we believe that the determination of employee-contractor status in this case presents a disputed question of fact that requires a full exposition of the facts and circumstances of the relationship and was not appropriate for determination on summary judgment.

Secondly, we cannot find as dispositive Day's alternative argument that if Moberly and Hendershot were both employees, then the action is barred by the fellow

---

1. "(1) A servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control.

(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business."

655 N.E.2d 493, 495–496.

servant doctrine[2]. While it certainly appears likely that Hendershot and Moberly have the same status vis-à-vis the work performed for Day, that conclusion has not been established by the designated materials. More significantly, however, even if both are employees, we believe the fellow servant doctrine no longer stands as a bar to the action.

Examination of the doctrine has largely eluded review because of the effect of the Workers' Compensation Act, I.C. 22–3–1–1 *et seq.* Even so, it has been severely criticized by our supreme court as long ago as 1907 [*Bedford Quarries Co. v. Bough,* 168 Ind. 671, 80 N.E. 529, 533 (1907) ] and as recently as 1994 [Dickson, J. concurring in *Perry v. Stitzer Buick GMC, Inc.,* 637 N.E.2d 1282, 1289 (Ind.1994) ].[3] While, like contributory negligence, the doctrine is one at common law, our legislature has chosen to alter the common law approach to "…any action based on fault that is brought to recover damages for injury or death to a person or harm to property …" with certain express exceptions that are not relevant here. I.C. 34–51–2–1, *et seq.* (the Comparative Fault Act).

The Comparative Fault Act does not expressly mention the fellow servant doctrine. It does, however, present a clear legislative purpose that the degree of fault of each tortfeasor be determined and compared to that of the claimant, and that recovery be denied only where the fault of the claimant was greater than the fault of all persons whose fault proximately contributed to the claimant's damages.

In *Huffman v. Monroe County Community School Corp.,* 588 N.E.2d 1264 (Ind. 1992) our supreme court was confronted with the question of whether the common law rule that the release of one joint tortfeasor released all others remained the law of this state. The court unanimously held that while the Comparative Fault Act did not address the rule, the Act's purposes clearly superceded the rule's underlying rationales, and the common law rule was no longer the law of Indiana.

■ We similarly hold that the purpose and intent of the Comparative Fault Act has abrogated the fellow servant doctrine as a total bar to recovery against an employer on the basis of respondeat superior for the negligent acts of a fellow employee.

The summary judgment is reversed, and the case is remanded for further proceedings consistent herewith.

DARDEN, J., concurs.

FRIEDLANDER, J., dissents with separate opinion.

FRIEDLANDER, Judge, dissenting

I would affirm the grant of summary judgment in favor of Day, and therefore respectfully dissent.

The trial court determined that Day was entitled to summary judgment based upon its conclusion that, as a matter of law, Hendershot was an independent contractor of Day. The majority determines that the trial court's conclusion in this regard was erroneous because Hendershot's status at the time of his injury is a question of fact that is not appropriate for summary disposition. I agree that a worker's status is ordinarily a question of fact that must be resolved by examining several factors relative to the work being performed at the time of the injury. However, when there is no dispute regarding those underlying factors, the worker's status may properly be determined by the court as a matter of law. *See Hale v. Kemp,* 579 N.E.2d 63 (Ind.1991); *Fox v. Contract Beverage Packers, Inc.,* 398 N.E.2d 709 (Ind.Ct.App. 1980).

As a preliminary matter, the parties disagree as to which test should be used in determining Hendershot's employment status. Moberly contends that the court

---

**2.** It is undisputed that Day is not subject to the Worker's Compensation Act.

**3.** In neither case was the court called upon to rule on the continued vitality of the doctrine.

should apply the ten-factor test based upon the Restatement (Second) of Agency § 220 (1958), which was cited by our supreme court in *Mortgage Consultants, Inc. v. Mahaney,* 655 N.E.2d 493 (Ind.1995). Day contends that the trial court correctly applied the seven-factor test set forth in *Williams v. R.. H. Marlin, Inc.,* 656 N.E.2d 1145 (Ind.Ct.App.1995). Presumably, this dispute is based upon the belief that the outcome would change depending upon which test is applied. To the contrary, our supreme court noted in *Mortgage Consultants, Inc. v. Mahaney* that "the Restatement test is substantially similar to the seven-factor test applied by the courts below in this case[.]" *Mortgage Consultants, Inc. v. Mahaney,* 655 N.E.2d at 499 n. 2. Accordingly, either test is valid and the trial court did not err in applying the aforementioned seven-part test. That test consists of the following factors: (1) Right to discharge, (2) mode of payment, (3) supplying of tools by employer, (4) belief by the parties in the existence of a master-servant relationship, (5) control over the means used or result reached, (6) length of employment, and (7) establishing of work boundaries.

After reviewing the facts of the instant case in relation to the factors listed above, I am convinced that the trial court correctly determined that, as a matter of law, Hendershot was an independent contractor of Day at the time Moberly was injured. To summarize those facts, Moberly and Hendershot occasionally worked for their father-in-law on his farm when certain tasks needed to be performed. Both men were employed elsewhere and did not work for Day on a regular basis. Day testified in a deposition that Hendershot was not his employee. On the day of the accident, Day asked Moberly and Hendershot to repair a drainage tile. Day was not present when Moberly was injured. In fact, Day did not assist on the job that day at all. Rather, he merely told Moberly and Hendershot what he wanted done. He did not specify how the task was to be performed or in any way direct Hendershot's and Moberly's work. In performing the work, Hendershot and Moberly used Hendershot's equipment, not Day's. On the day in question, and generally, Hendershot did not earn a salary and was not paid an hourly rate. Instead, he was paid by the job. Day always paid Hendershot either with a check or cash and did not withhold taxes.

In my view, with respect to at least five of the seven relevant factors set out in *Williams v. R..H. Marlin, Inc.,* the undisputed facts recited above support Day's contention that Hendershot was an independent contractor of Day's when Moberly was injured. It was upon these bases that the trial court granted summary judgment in favor of Day—and I believe correctly so. Based upon my conclusion that the trial court correctly entered summary judgment on the basis of Hendershot's status as independent contractor, I would not reach the issue of the viability of the borrowed servant doctrine under the Comparative Fault Act. I would affirm the trial court.