**Mark McCANN, Appellant–Plaintiff,**

**v.**

**The CITY OF ANDERSON, Indiana and the Hon. Donald R. Phillippe, Judge, Appellees–Defendants.**

**No. 48A02–1009–PL–1060.**

Court of Appeals of Indiana.

July 19, 2011.

Michael K. Sutherlin, Samuel M. Adams, Michael K. Sutherlin & Associates, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

MAY, Judge.

Mark McCann appeals summary judgment for the City of Anderson (City) and Judge Donald Phillippe.[1] We affirm.

### FACTS AND PROCEDURAL HISTORY

McCann began his employment as a patrol officer for the Anderson Police Department (APD) in 1995. In 1998, he applied for and became the Warrant Officer[2] for Anderson's City Court (City Court), over which Judge Phillippe presided. His duties included receiving all warrants issued by the Anderson City Courts, Madison County Courts, and any other jurisdiction; maintaining the computer files of each wanted person and updating them when necessary; arranging for transport

---

1. Judge Phillippe was the only party to file a brief, but we grant the City's motion to join the appeal and adopt his brief.

2. In their briefs, the parties refer to the position as "Warrant Officer" and "Warrant Coordinator." For clarity, we will use "Warrant Officer."

of defendants from other jurisdictions; maintaining and updating a monthly list of all Madison County probationers; and submitting a monthly report to his supervisors indicating the number of warrants issued, on file, and disposed. While he was the Warrant Officer, McCann discovered Roger Ockoman, who was a Probation Officer but had duties similar to McCann's,[3] received a paycheck from both the APD and the City Court.

In 2005, Judge Phillippe requested that McCann be reassigned based on reports that McCann was "rude and inappropriate with defendants and prisoners in the courtroom, and [based on] an incident in the holding room." (Br. of Appellee at 11.) After his reassignment to a different division of the APD, McCann filed a misconduct report against Ockoman, alleging ghost employment and unjustified compensation, which was dismissed as without merit. He then filed a grievance, alleging he was entitled to pay from the City Court based on an ordinance he claimed indicated the allocation of funds for his Warrant Officer position. That Deputy Chief of Policy denied McCann's grievance as unsubstantiated.

On December 22, 2006, McCann filed a Verified Complaint for Damages and Request for an Order of Mandate against the City and Judge Phillippe. In March 2010, all three parties moved for summary judgment. The trial court heard argument and granted summary judgment in favor of the City and Judge Phillippe.

## DISCUSSION AND DECISION

McCann asserts the summary judgment was improper and challenges the trial court's determination he was not an employee of the City Court.[4] We review a summary judgment decision under the following standard:

A party is entitled to summary judgment upon demonstrating the absence of any genuine issue of fact as to a determinative issue unless the non-moving party comes forward with contrary evidence showing an issue of fact for trial. An appellate court reviewing a trial court summary judgment ruling likewise construes all facts and reasonable inferences in favor of the non-moving party and determines whether the moving party has shown from the designated evidentiary matter that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. But a *de novo* standard of review applies where the dispute is one of law rather than fact.

*Dugan v. Mittal Steel USA, Inc.*, 929 N.E.2d 184, 185–86 (Ind.2010).

Specific findings of fact and conclusions of law are neither required nor prohibited

3. Ockoman testified his duties were "to check on probationers who were behind in their fees, to serve subpoenas issued for probation violations, [and] to compile monthly reports of my activities. I also served business subpoenas and provided additional security for the Probation Department after normal court hours." (App. of Appellant at 244.) Both Ockoman and McCann transported prisoners and were present in the courtroom during normal working hours every day. They could not take vacations at the same time, presumably due to their overlapping courtroom security duties.

4. Because we find there was no employment relationship between McCann and the City Court, we need not address McCann's argument that he brought his claim within the applicable limitations period. Nor need we address the denial of his request for mandate based on his rights as an employee. *See Perry v. Ballew*, 873 N.E.2d 1068, 1072 (Ind.Ct.App. 2007) (mandate appropriate only when "the petitioner has a clear and unquestioned right to relief and the respondent has failed to perform a clear, absolute, and imperative duty imposed by law"), *reh'g denied.*

in a summary judgment order. *City of Gary v. Ind. Bell Tel. Co.*, 732 N.E.2d 149, 153 (Ind.2000), *reh'g denied.* Such findings may aid our review of a summary judgment, but they do not bind us. *Id.* "In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by the Indiana Trial Rule 56 materials." *Kozlowski v. Lake County Plan Comm'n*, 927 N.E.2d 404, 408 (Ind.Ct.App.2010).

■ McCann asserted a claim arising from the Indiana Wage Claims Statute, which provides in relevant part, "Whenever any employer separates any employee from the pay-roll, the unpaid wages or compensation of such employee shall become due and payable at regular pay day for pay period in which separation occurred...." Ind.Code § 22–2–9–2. He claimed wages were due to him pursuant to Anderson City Ordinances allotting funds to the City Court and Probation Department for a position called "Warrant Officer." In order to determine if McCann was due the allotted salary, we must decide if he was an employee of the City Court and APD contemporaneously.

■ To determine whether there is an employer-employee relationship, we consider: "(1) right to discharge; (2) mode of payment; (3) supplying tools or equipment; (4) belief of the parties in the existence of an employer-employee relationship; (5) control over the means used in the results reached; (6) length of employment; and, (7) establishment of the work boundaries." *GKN Co. v. Magness*, 744 N.E.2d 397, 402 (Ind.2001). The most important factor is the right of the employer to exercise control over the employee. *Id.* at 403. On review of a summary judgment, we analyze these factors based on the facts most favorable to McCann, the non-moving party. *See Dugan*, 929 N.E.2d at 185 (reviewing court must ana-

lyze the trial court's basis for judgment based on the facts most favorable to the non-movant).

### 1. *Right to Discharge*

McCann asserts Judge Phillippe had the power to discharge him, and in fact did when he asked that McCann be reassigned outside his courtroom. Judge Phillippe argues he did not have the right to discharge McCann because he could not terminate his employment. In *GKN*, our Indiana Supreme Court held Magness and GKN had an employee-employer relationship because "[a]lthough [the GKN supervisor] did not have the authority to terminate Magness' employment with Starnes Trucking, he could terminate Magness' employment with GKN by telling Magness that he was no longer needed at the construction site and informing [the owner of Starnes Trucking] of the action taken." 744 N.E.2d at 405.

The facts before us are similar. Although Judge Phillippe could not terminate McCann's employment with APD, he could ask that McCann be reassigned from his courtroom, effectively discharging McCann from his duties in Judge Phillippe's court. This factor favors McCann's contention he was an employee of the City Court.

### 2. *Mode of Payment*

APD paid McCann, including any overtime he accrued while performing his duties as the Warrant Officer. This suggests he was not an employee of the City Court.

### 3. *Supplying Tools or Equipment*

As part of his duties as Warrant Officer, McCann provided security in Judge Phillippe's courtroom. He did so in his APD uniform. McCann used a computer sup-

plied by APD to look up warrants and verify information. These facts suggest McCann was not an employee of the City Court. *Compare Fox v. Contract Beverage Packers, Inc.*, 398 N.E.2d 709, 712 (Ind.Ct.App.1980) (Contract Beverage Packers provided Fox's "necessary tools and equipment;" this weighed in favor of an employee-employer relationship).

### 4. *Beliefs of the Parties*

When asked if McCann worked for the City Court, Judge Phillippe answered, "Your question indicates a possible employment by me[,] and the answer to that is no." (App. of Appellant at 82.) McCann stated during his deposition "No one at the court had authority over me." (*Id.* at 68.) As neither party believed McCann was an employee of the City Court, this factor weighs in favor of a finding McCann was not an employee of the City Court.

### 5. *Control over the Means Used*

As noted above, this factor is the most important in determining whether an employer-employee relationship exists. APD created and posted the Warrant Officer job description. McCann reported directly to the APD Traffic Lieutenant, not Judge Phillippe. The Traffic Lieutenant and McCann's other APD supervisors evaluated his performance as Warrant Officer. McCann spent some of his work time in Judge Phillippe's courtroom, but he also spent time outside the courtroom maintaining the warrant records and transporting prisoners. We agree with the State's assessment of Judge Phillippe's level of control over McCann: "Any judge has control over his or her courtroom. But many individuals who work in a courtroom on a daily basis—public defenders, prosecutors, police officers—are not employed by the court." (Br. of Appellee at 19.) This indi-

cates McCann was not an employee of the City Court.

### 6. *Length of Employment*

Generally, "the longer the length of employment, the more indicative it is of an employer/employee relationship." *GKN*, 744 N.E.2d at 406. McCann was the Warrant Officer for six and one-half years. In *Nickels v. Bryant*, 839 N.E.2d 1211, 1217–18 (Ind.Ct.App.2005), *trans. denied*, we held an eight month period of employment favored the conclusion there was an employee-employer relationship. McCann's tenure at the City Court was far longer, suggesting McCann was an employee of the City Court.

### 7. *Establishment of Work Boundaries*

The "work boundaries" factor involves the spatial boundaries in which the work is performed. *Wishard Memorial Hospital v. Kerr*, 846 N.E.2d 1083, 1093 (Ind.Ct.App.2006). McCann carried out some of his duties, such as courtroom security and transportation of prisoners, in the City Court. As Warrant Officer, McCann could forgo the "roll call" required of other police officers so he could arrive on time at the City Court. This factor weighs in favor of an employer-employee relationship between the City Court and McCann.

Thus, over all, four of the seven factors, including the most important, "Control over the Means Used," indicate McCann was not an employee of the City Court. Because the City Court was not McCann's employer, he cannot be due any "unpaid wages" from the City Court. Therefore, he cannot assert a claim against the City Court under the Indiana Wage Statute. *See* Ind.Code § 22–2–9–2 (instructing what should happen "[w]henever any employer

separates any employee from the pay-roll"). Accordingly, we affirm.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.