Leona **HICKMAN**, Administratrix of the Estate of Kavanaugh E. Hickman, Deceased

v.

**WESTERN HEATING AND AIR CONDITIONING COMPANY**, Inc., an Illinois Corporation, and W. S. Supply and Furnace Company, Inc., an Illinois Corporation.

No. 3259.

United States District Court
N. D. Indiana,
Hammond Division.

Aug. 1, 1962.

James K. Whitaker, Bomberger, Wilson & Belshaw, Hammond, Ind., for plaintiff.

Spangler, Jennings, Spangler & Dougherty (William Spangler), Gary, Ind., for defendant.

BEAMER, District Judge.

Plaintiff, Administratrix of the Estate of Kavanaugh E. Hickman, deceased, has sued for the wrongful death of her husband. It is alleged that Plaintiff's decedent was employed by the Defendants, Western Heating and Air Conditioning Company, Inc., and W. S. Supply and Furnace Company, Inc., and that on July 28, 1961, while in the course of employment, Plaintiff's decedent was killed as a result of the negligent acts of the Defendants' agents and servants while unloading furnaces from a truck. It is further alleged Defendants did not insure their liability to employees or make proof to the Industrial Board of Indiana of their financial ability as required by Workmens Compensation laws, and that accordingly, Plaintiff has a claim at law against Defendants for Wrongful Death in the amount of $150,000.00.

Defendants have filed a Motion to Dismiss the action on grounds that Plaintiff's sole and exclusive remedy, even if the facts as alleged are true, is a claim for compensation before the Industrial Board of Indiana under the Workmens Compensation Act. Plaintiff contends that by virtue of the facts alleged in her Complaint that she has an election to proceed in a suit at law for Wrongful Death and is not confined to a claim for compensation before the Board.

There is no allegation that Defendants have specifically rejected the provisions of the Workmens Compensation Act, nor an allegation that Defendants have chosen to be exempt from the provisions of said Act.

The Workmens Compensation Act provides that an employer bound by the Act shall be liable to any employee and his dependents for personal injury or death by accident arising out of, and in the course of, employment only to the extent and manner specified in the Act. Burns Ann.St. § 40–1205 (1962–Cum. Supp.). The rights and remedies granted to an employee subject to the Act on account of personal injury or death by accident are sole and exclusive of all other rights and remedies against the employer. Burns Ann.St. § 40–1206 (1962–Cum.Supp.). In other words, if an employer is subject to, and bound by, the Act, an employee may seek recourse for injuries arising out of and in the course of employment only by proceeding before the Industrial Board of Indiana as prescribed by the Act. The Act specifically abolishes common law actions against an employer *subject to Its provisions.*

With certain exceptions not relevant here, employers and employees may be exempted from the operation of the compensation provisions of this Act by complying with statutory notice of ex-

emption. Burns Ann.St. § 40–1203 (1952 Repl.). But, an employer or employee within the application of the Act who does not give notice of exemption as provided for is conclusively presumed to have accepted it. Burns Ann.St. § 40–1202 (1962–Cum.Supp.); Seaton v. United States Rubber Co., 223 Ind. 404, 61 N.E.2d 177 (1945); Pearson v. Rogers Galvanizing Co., 115 Ind.App. 426, 59 N.E.2d 364 (1945).

Plaintiff argues that failure to comply with § 40–1205, (insuring their liability to employees or making proof to the Industrial Board of Indiana of their financial ability), renders Defendants amenable to suit at law for wrongful death. She contends that such failure to comply does not bind either plaintiff or defendant under the Act and gives her an election to proceed in this Court.

■ Legislative action rebuts Plaintiff's argument and strongly indicates that failure to comply with financial proof requirements under § 40–1205 is not tantamount to exemption and rejection of coverage by the Act. Prior to 1937, Burns Ann.St. § 40–1602 provided that:

"If (an) employer refuses or neglects to comply with these provisions he shall be punished by a fine of ten cents ($.10) for each employee at the time of such refusal or neglect and until the same ceases *and he shall be liable during continuance of such refusal or neglect to an employee either for compensation under this Act or at law in the same manner as provided for in Section 10.*" Burns Ind.St. § 40–1602 (1933). (Court's emphasis).

In 1937, the above italicized provision was deleted and § 40–1602 amended to read:

" * * * If such employer refuses or neglects to comply with these provisions he shall be subject to the penalty prescribed in section 66 (§ 40–1517) of this act."

"§ 40–1517: " * * * Whoever shall fail or refuse to comply with or whoever shall violate any of the provisions of this act (§§ *40–1201—40–1414*, 40–1503—40–1704) [Court's emphasis] shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not less than fifty ($50.00) nor more than five hundred dollars ($500)." Burns Ann.St. § 40–1517 (1962–Cum.Supp.).

■ Therefore, *deletion of an employee's election to proceed at law if an employer does not comply with § 40–1205*, leaving only criminal sanctions imposed by the State, irresistably suggests abolition of alternative remedies for an aggrieved party for such non-compliance. A statutory amendment which changes the language of a prior statute indicates a legislative intention that the meaning of the statute has been changed, New York Central R. Co. v. Johnson, 234 Ind. 457, 127 N.E.2d 603 (1955), and raises a presumption that the Legislature intended to change the law. Sherfey v. City of Brazil, 213 Ind. 493, 13 N.E.2d 568 (1938).

■ Accordingly, in the absence of an allegation of rejection of the Act by the employee or employer as required by § 40–1203, Defendants, by inaction, are conclusively presumed to be bound by the Act and Plaintiff's remedy therein provided is exclusive. Seaton v. United States, 223 Ind. 404, 61 N.E.2d 177 (1945); Stainbrook v. Johnson County Farm Bureau Co-op Ass'n, 125 Ind.App. 487, 122 N.E.2d 884 (1954).

Since Plaintiff's Complaint fails to allege the elements necessary to preclude application of Indiana's Workmens Compensation Act, this action must be dismissed for failure to state a claim upon which relief can be granted.

It Is So Ordered.