**INDIANA STATE HIGHWAY COMMISSION, Appellant-Defendant,**

v.

**BATES AND ROGERS CONSTRUCTION CORP., Appellee-Plaintiff.**

No. 1–1080A299.

Court of Appeals of Indiana, Fourth District.

June 30, 1981.

Rehearing Denied August 26, 1981.

law and due to the existence of genuine issues of material facts. We affirm.

Linley E. Pearson, Atty. Gen. of Indiana, Thomas Ralph Hamill, Deputy Atty. Gen., Indianapolis, for appellant-defendant.

Robert G. Weddle, John P. Price, Joseph E. DeGroff, Bingham Summers Welsh & Spilman, Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

Bates and Rogers Construction Corp. (Bates) contracted with the Indiana State Highway Commission (Commission) to construct a 2 mile section of State Road 52. Upon completion of the project Bates sought payment from the Commission but it objected. After filing its two count complaint and moving for summary judgment Bates was granted a partial summary judgment on Count I. From this judgment the Commission appeals arguing the trial court should not have granted summary judgment due to its improper application of the

## FACTS

The parties entered into a $5.8 million contract for road construction. As the work progressed the Commission made partial payments to Bates retaining a percentage of the amount due as required by Ind. Code 8–13–5–7.[1] Construction was completed on November 18, 1977 and the Commission accepted the work on January 10, 1978. In April of that year Bates requested payment of the retained percentages in the amount of approximately $290,000.00 accompanied by the consent of its surety. The Commission refused to make any payments and Bates filed a two count complaint against the Commission. In Count I, Bates sought $237,517.18[2] in retained percentages and alleged in paragraph 4 it had "wholly performed and completed all the work and conditions under the terms of the contract in a good and satisfactory manner, and the Commission has accepted Bates &

1. "8–13–5–7 **Partial payments to contractors—Withdrawal of retained percentages—Final payments—Penalty.**—The commission may authorize partial payments to any contractor performing any work, under the provisions of this chapter [8–13–5–1—8–13–5–21], as the same progresses, under the general rules of the commission. Until final completion and acceptance by the commission, on new construction work there shall not be paid to exceed ninety-five per cent [95%] of the estimated cost of the completed work: Provided, That after complete inspection has been made and it is determined that the work has been done according to plans and specifications, the chairman may approve and accept completed work in sections of not less than one [1] mile and when any section of such work shall have been completed and accepted, the contractor shall thereupon be as fully relieved of all liability for the maintenance, reconstruction, or restoration of the section of the work so completed and accepted, or any part thereof, as he would be if the entire project were finally completed and accepted: Provided, further, That at any time after the contract has been completed and accepted, the contractor may be permitted to draw any part or all of the retained percentages withheld by the department, provided he file written request therefor, accompanied by the written consent of the surety upon his bond. The fact that such contractor be permitted to so withdraw all or a part of such retained percentages of the contract price shall in no way release or relieve the contractor on his contract or the contractor or his surety on his bond.

Each contract entered into pursuant to the provisions of this chapter shall provide for final payment within one hundred eighty [180] days after acceptance of the project; Provided, That final payment shall not be so made as to any amount which is in dispute or the subject of a pending claim; and Provided further, That final payment shall be so made as to that portion of a contract or those amounts which are not in dispute or the subject of a pending claim, and such partial payment shall not constitute any bar, admission, estoppel or have any other effect as to those payments in dispute or the subject of a pending claim. For each day after one hundred eighty [180] days, or thirty [30] days after settlement of a claim, the commission shall pay to the contractor a penalty for late payment of money due to the contractor. The penalty shall be computed at the rate of interest of six per cent [6%] per annum on the unpaid balance."

2. We are given no explanation as to the discrepancy between this figure and the $290,000.00 requested originally.

Rogers' performance in full." In Count II of the complaint, Bates sought $1.4 million from the Commission due to increased costs it incurred allegedly due to delays caused by the Commission and its employees.

In its answer the Commission raised four defenses. Its first defense was a general denial.[3] Its second defense attacked the court's jurisdiction, third defense raised the Tort Claims Act[4] as a defense, and its fourth defense alleged the parties had reached a satisfaction and accord prior to the filing of the complaint.

During discovery the Commission was served with the following interrogatory, "State the total sum which the Commission contends is due Bates & Rogers Construction Corporation for Contract No. R–9893 and the basis of such contention." The Commission responded, "For services rendered, Bates and Rogers is owed $200,-757.18." Armed with this answer Bates moved for a partial summary judgment on Count I for the amount admitted. The trial court granted the motion and entered final judgment for $200,757.18 plus interest in favor of Bates. In its opinion, the court found the $200,757.18 amount was not in dispute and that Bates had fulfilled all of the conditions precedent to receiving that amount.

## EXISTENCE OF A MATERIAL FACT

 The Commission's first argument basically alleged Bates has not performed several precedent conditions called for by statute, by the contract and by some of the Commission's standard specifications incorporated into the contract by reference. Unfortunately for the Commission all of these defenses have been waived. As required by TR 9(C),[5] and TR 8(C) and (D)[6] a defendant must make a denial of performance specifically and with particularity in a responsive pleading. Failure to do so amounts to a waiver of that issue under TR 8(D). *See also United Farm Bureau Mutual Insurance Company v. Wolfe*, (1978) Ind.App., 382 N.E.2d 1018. In this case the Commission did not specifically and with particularity deny Bates' averment that it had performed all conditions precedent to payment.[7]

3. "[D]efendant specifically denies each and every averment contained in legal paragraphs 4, 5, 6, 7 and 8 of Count I of the Plaintiff's complaint."

4. IC 34–4–16.5–1 *et seq.*

5. TR 9 "(C) Conditions precedent. In pleading the performance or occurrence of promissory or non-promissory conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed, have occurred, or have been excused. A denial of performance or occurrence shall be made specifically and with particularity, and a denial of excuse generally."

6. TR 8 "(C) Affirmative defenses. A responsive pleading shall set forth affirmatively and carry the burden of proving: Accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, lack of jurisdiction over the subject-matter, lack of jurisdiction over the person, improper venue, insufficiency of process or service of process, the same action pending in another state court of this state, and any other matter constituting an avoidance, matter of abatement, or affirmative defense. A party required to affirma-

tively plead any matters, including matters formerly required to be pleaded affirmatively by reply, shall have the burden of proving such matters. The burden of proof imposed by this or any other provision of these rules is subject to the rules of evidence or any statute fixing a different rule. If the pleading mistakenly designates a defense as a counterclaim or a counterclaim as a defense, the court shall treat the pleading as if there had been a proper designation.

**(D) Effect of failure to deny.** Averments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

7. As noted above, the Commission argued Bates failed to perform precedent conditions contained in the standard specifications incorporated into the contract. Arguments based on these specifications are additionally waived for failing to include the specifications in the record. While some of the specifications do appear in the Commission's motion in opposition to summary judgment, they have not been certified or attested to by any representative of the Commission nor have they been stipulated to

INTERPRETATION OF IC 8–13–5–7

In its second argument, the Commission maintains the court improperly applied the second paragraph of IC 8–13–5–7 to this case. We disagree. That section provides

"that *final payment shall not be so made as to any amount which is in dispute* or the subject of a pending claim; and Provided further, that *final payment shall be so made as to that portion of a contract or those amounts which are not in dispute* or the subject of a pending claim, and such partial payment shall not constitute any bar, admission, estoppel or have any other effect as to those payments in dispute or the subject of a pending claim." (emphasis added)

The Commission argues the entire amount of the retained percentage due Bates is "in dispute" thus prohibiting final payment. This interpretation of "in dispute" ignores the plain wording of the statute. The Commission admitted it owed Bates $200,757.18. This amount is not in dispute. The dispute is over the amount that Bates believes it is additionally entitled to receive. This contingency is covered by the statute. It instructs the Commission to make final payment as to the amount not disputed and this payment shall in no way act as a bar or admission by either party when later litigating the remaining amount in dispute. The trial court properly applied this statute to the facts before it and therefore properly awarded Bates interest on the judgment as provided by the statute.

Affirmed.

YOUNG, P. J., and MILLER, J., concur.

by the parties, and are therefore not properly before us. *See Apple v. Apple*, (1971) 149

Ind.App. 529, 274 N.E.2d 402.