**Shari L. Brown LANDERS and James A. Brown and Nancy Brown, Appellant (Plaintiff Below),**

v.

**George PICKERING, d/b/a George Pickering & Son, Appellee (Defendant Below).**

No. 1–481A133.

Court of Appeals of Indiana, First District.

Nov. 9, 1981.

Rehearing Denied Dec. 14, 1981.

James R. White, A Professional Corporation, New Castle, for appellant (plaintiff below).

James W. Treacy, Treacy, Cohen, Mears & Crawford, Indianapolis, David L. Copenhaver, Scotten & Hinshaw, New Castle, for appellee (defendant below).

ROBERTSON, Judge.

Shari L. Brown Landers (Landers) appeals the decision rendered in favor of George Pickering (Pickering). Landers was injured while working as an employee of Pickering and initiated this action based upon negligence. Pickering's motion for summary judgment was granted and Landers appeals.

We affirm.

The facts disclose that Landers was employed by Pickering when she injured her hand in a corn husking machine. Landers does not dispute the trial court's determination that she was not a farm employee or casual employee within the definitions of those terms as contained in the Workmen's Compensation Act, *Ind.Code* 22–3–2–1 *et seq.*, (the Act). Landers alleged that her injury was the result of the negligent operation of the machine by another employee. Pickering moved for summary judgment, asserting that Landers was subject to the provisions of the Workmen's Compensation Act and these provisions precluded a separate claim for negligence.

Landers presented evidence that Pickering had failed to comply with various provisions of the Act requiring the purchase of workmen's compensation insurance or self-insurance. She alleged that Pickering violated *Ind.Code* §§ 22–3–5–1 through 22–3–5–5.[1] Landers also alleges that Pickering failed to comply with *Ind.Code* § 22–3–4–13 by not reporting the injury to the proper authorities within the time limits of that section.[2] Landers argues that she is entitled to pursue her claim on the theory of negligence because of the statutory violations committed by Pickering.

On appeal, Landers argues the trial court erred in granting summary judgment because a question of fact exists as to whether Pickering complied with the insurance provisions. Even if this court assumes that Pickering violated those provisions, the trial court properly granted summary judgment. It is well established that in the absence of a specific rejection of the Workmen's Compensation Act by either the employee or the employer, the provisions of the Act govern and the remedies included therein are exclusive. *Stainbrook v. Johnson County Farm Bureau*, (1955) 125 Ind.

---

1. Pickering believed that his general insurance covered workmen's compensation claims.

2. Pickering filed some, but not all, of the required forms with the proper authorities.

App. 487, 122 N.E.2d 884, *trans. denied.* The exclusive remedy for workmen's compensation claims is contained in *Ind.Code* 22–3–2–6, which provides:

> The rights and remedies herein granted to an employee subject to this act [22–3–2–1––22–3–6–3] on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.

Moreover, this question was raised in *Hickman v. Western Heating and Air Conditioning Co., Inc.*, (D.C.Ind.1962) 207 F.Supp. 832, where it was held that an injured employee is limited to the remedies contained in the Act even though the employer failed to comply with the insurance provisions of the Act.

 Landers asks this court to re-examine the *Hickman* decision and to allow a remedy independent from the Act. The legislative history does not support this request. The Act contains a specific sections penalizing those who violate its requirements in *Ind.Code* 22–3–4–13, which, at the time of the accident, provided: [3]

> Whoever shall fail or refuse to comply with or whoever shall violate any of the provisions of this act [22–3–2–1––22–3–6–3] shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not less than fifty [$50.00] nor more than five hundred dollars [$500.00].

This version of the above section is much different than the original enactment which allowed the employee an election of remedies. This section was amended in 1937 and the language granting the election of remedies was deleted. A fundamental rule of statutory construction is where a prior statute contains certain language, and a latter statute deletes the language, it is presumed that the legislature was cognizant of the prior language and intended to change the law by the deletion. *Merimee v. Brumfield*, (1979) Ind.App., 397 N.E.2d 315. We believe that the legislative intent of the statutory amendment was to delete the alternative remedies for non-compliance with the Act. Since Landers was pursuing a remedy outside the provisions of the Act, the trial court properly granted summary judgment.

The judgment is affirmed.

NEAL, P. J., and YOUNG, J. (sitting by designation), concur.

---

**3.** This section was amended again in 1978.