Jackie N. BEACH and Julia M. Beach, Husband and Wife, Plaintiffs,

v.

OWENS–CORNING FIBERGLAS COR-PORATION, Aqua-Chem, Inc., Cleaver-Brooks Division of Aqua-Chem, Inc., Dresser Industries, Inc., Defendants.

No. H 80–70.

United States District Court,
N. D. Indiana,
Hammond Division.

July 9, 1982.

Walter P. Chapala, Chapala & Herrbach, Michigan City, Ind., Newby, Lewis, Kaminski & Jones, LaPorte, Ind., for plaintiffs.

Patrick J. Dougherty, Spangler, Jennings, Spangler & Dougherty, P. C., Valparaiso, Ind., for defendant, Owens-Corning Fiberglas Corp.

## MEMORANDUM DECISION AND ORDER

KANNE, District Judge.

This matter is before the Court on the motion of the defendant, Owens-Corning

Fiberglas Corporation (Owens-Corning), for summary judgment. For the reasons stated below, the motion will be granted.

The events from which plaintiffs' claims arose took place at the Owens-Corning R & C Plant in Porter County, Indiana, on March 7, 1978. The plaintiff, Jackie Beach, was an employee of U. S. Piping, Inc. U. S. Piping, Inc., had contracted with Owens-Corning to furnish:

> all labor, supervision, tools, supplies, . . . and all other services, facilities and means of construction required to do piping and other work at Owens-Corning Fiberglas Corporation, R & C Plant . . .

Plaintiffs' Exhibit B, par. 1(a). Paragraph 3 of the contract provided as follows:

> Subject to the terms of the contract, work shall be solely under the direction of Mr. Richard Miller, the OCF Project Manager, or his authorized representative.

While acting under the direct supervision of Fred Hartman, an employee of Owens-Corning, Jackie Beach was turning a valve on a newly installed deaerator unit when steam escaped thereby injuring Beach.

Owens-Corning claims that it was an employer of Jackie Beach at the time of the accident, relying on Indiana's borrowed servant doctrine. If Owens-Corning's position is correct, sole jurisdiction over plaintiffs' claims against Owens-Corning would lie with the Industrial Disputes Board under the Indiana Workmen's Compensation Act, Ind.Code § 22–3–2–6.

Plaintiffs contend that summary judgment is not proper in this case. First, they argue that there is a disputed issue of material fact as to whether Jackie Beach was an employee of Owens-Corning. However, *Downham v. Wagner*, Ind.App., 408 N.E.2d 606 (1980), makes clear that the court must determine as a matter of law whether plaintiff is an employee or independent contractor in order to determine if the Workmen's Compensation Statute deprives the court of jurisdiction.

Second, plaintiff maintains that defendant "flunks" the tests enunciated in *Fox v. Contract Beverage Packers, Inc.,*

Ind.App., 398 N.E.2d 709 (1980) for determining the existence of an employer-employee relationship. Owens-Corning counters that utilizing the "decisive" test of control over the means, manner, and method of performance of his work, Jackie Beach was a borrowed servant of Owens-Corning at the time of the accident.

It appears that two Indiana appellate decisions have utilized the "decisive" test in a Workmen's Compensation context. In *Jackson Trucking Company v. Interstate Motor Freight System*, 122 Ind.App. 546, 104 N.E.2d 575 (1953), a case involving two carriers operating under a lease agreement, it was found that each carrier was liable as an employer of a driver who was accidentally killed in the course of his employment.

> This court stated that the real and decisive test of employment under such circumstances is who had the power or right to command the act and to direct and control the means, manner or method of performance, and to whom was the driver accountable upon arrival at his destination. The opinion determined that both carriers were employers who had associated themselves together and were in direct control of the employee so that he was considered the employee of both carriers.

*Wabash Smelting, Inc. v. Murphy*, 134 Ind. App. 198, 186 N.E.2d 586, 592 (1963).

In *Wabash Smelting*, the court found that a firm which had leased a truck, placed the driver on its payroll and instructed him as to what work to do, had "mixed" control over the truck, the driver, and the manner, means and method of his performance with the lessee, who had employed and chosen the driver. It found that because they were dual employers of plaintiff, both were jointly liable to him under the Workmen's Compensation Act.

In *Fox v. Contract Beverage Packers, Inc., supra,* the Court of Appeals recognized that "an individual can be the employee of two employers if both employers possess a substantial, but not necessarily exclusive, right or power of control over the employee

and the means, manner, and method of his performance." It utilized seven factors in determining whether an employee of a temporary help agency was also an employee of the firm where he was filling in:

(1) the right to discharge; (2) the mode of payment; (3) supplying tools or equipment; (4) belief of the parties in the existence of an employer-employee relationship; (5) control over the means used in the results reached; (6) length of employment; and (7) establishment of the work boundaries.

In that case plaintiff had been assigned to the plant by Manpower; but Contract Beverage had the option of dismissing him; had control of him while working at the plant; determined his hours; and, supplied his equipment and tools. 398 N.E.2d at 711–712. Because a majority of the indicia of an employer-employee relationship were present, the court found that Contract Beverage was Fox's employer and thereby subject to the Workmen's Compensation Act.

In the case at bar, both U. S. Piping and Owens-Corning exercised control over Jackie Beach. U. S. Piping, the general employer, hired him, paid his wages, and assigned him to work at the project. Beach supplied his own tools. Both U. S. Piping and Owens-Corning exercised supervision over him while he was working at the plant. According to Beach's testimony, he had been working at the plant for part of the summer and during the entire winter of 1977–78.

His U. S. Piping supervisor generally turned him over to the Owens-Corning supervisor, Hartman, who would assign him to a job. Deposition of Jackie Beach, p. 14. He would ask Hartman for advice and instructions. *Id.*, p. 15. Hartman had control over what he did during his overtime period. *Id.*, p. 22.

At the time of the accident on March 7, 1978, Jackie Beach was being directed both as to what he did and how he performed the work by Hartman, the Owens-Corning supervisor. *Id.*, pp. 18, 63, 110; Deposition of Carl Babcock, pp. 47, 62.

Thus, while Owens-Corning, (1) did not have the right to discharge Jackie Beach;

(2) did not pay him his wages directly; (3) did not supply his tools; and (4) had no formal contract of employment with plaintiff; it (1) did control the place and the manner in which plaintiff was performing his work; (2) did exercise direct supervision over him at the time of the accident; (3) did contract with U. S. Piping for his services, and paid U. S. Piping for his services on a time and material basis; and (4) had the right to and did control the boundaries of his work.

Jackie Beach avers he never believed he was an employee of Owens-Corning. However, his own testimony shows that he acquiesced in the direct supervision by Owens-Corning of his work at the plant over a period of several months.

One may be in the general service of another, and, nevertheless, with respect to particular work may be transferred, with his own consent and acquiescence, to the service of a third person, so that he becomes the servant of that person, with all the legal consequences of the new relation.

*Denton v. Yazoo & M. Valley R. Co.,* 284 U.S. 305, 52 S.Ct. 141, 76 L.Ed.2d 310 (1931), *quoted in Standard Oil Co. v. Soderling,* 112 Ind.App. 437, 42 N.E.2d 373, 377 (1942).

Both the terms of the contract between U. S. Piping and Owens-Corning, and the lengthy period during which Jackie Beach acquiesced in the direct control of the Owens-Corning supervisor over his work at the Owens-Corning plant, demonstrates that there was an implied contract of service between Jackie Beach and Owens-Corning which existed at the time he was injured.

Under Indiana law, the "real and decisive" test for the existence of a master-servant relationship is "the right to command the act and to direct and control the means, manner or method of performance." *Wabash Smelting, Inc. v. Murphy, supra.* In this case, Owens-Corning clearly possessed and was exercising that right to control the means, manner and method of the plaintiff's work, at the time of the accident.

As a matter of law, Owens-Corning was a special employer of Jackie Beach on March 7, 1978, the date of the injury. Therefore, plaintiffs' claims against Owens-Corning properly come under the provisions of Indiana's Workmen's Compensation Act and this court is without jurisdiction over those claims.

Accordingly, upon the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW it is ORDERED that summary judgment is hereby entered in favor of the defendant, Owens-Corning Fiberglas Corporation, and against the plaintiffs, Jackie Beach and Julia M. Beach.