INDIANA STATE HIGHWAY COMMISSION, Defendant-Appellant,

v.

BATES & ROGERS CONSTRUCTION, INC., Plaintiff-Appellee.

No. 1–1182A331.

Court of Appeals of Indiana, First District.

May 2, 1983.

Linley E. Pearson, Atty. Gen., Thomas R. Hamill, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

John P. Price, Donald L. Jackson, Joseph E. DeGroff, Donald J. Graham, Bingham, Summers, Welsh & Spilman, Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant State of Indiana appeals from an order of the Johnson Circuit Court granting appellee Bates & Rogers Construction Corporation's Petition for Order in Aid of Judgment. We reverse.

## FACTS

Bates & Rogers Construction Corporation (Bates) brought suit against the state on a contract for highway construction. In due course the Johnson Circuit Court granted Bates partial summary judgment as to count one of the complaint. The state was ordered to pay $200,757.18. The state was also ordered to pay six percent (6%) interest, which was assessed as both pre- and post-judgment interest. On state's motion to correct errors, the date from which pre-judgment interest was to accrue was changed.[1] The state then unsuccessfully appealed the entry of partial summary judgment.[2]

The partial judgment was paid into the clerk of the Johnson Circuit Court in two checks, one for the principal amount due and one for interest accrued. These were withdrawn from the clerk's office by Bates. Bates then filed a Petition for Order in Aid of Judgment to collect interest on the judgment, arguing that the second check evidenced a penalty payment, not an interest payment. The lower court granted the petition. From this grant the state now appeals.

## ISSUE

The state raises four issues on their appeal. However, we find one to be dispositive of the instant case. Rephrased, it is as follows:

Did the trial court err in awarding Bates interest pursuant to its Petition for Order in Aid of Judgment in addition to the interest awarded by the lower court in the original partial summary judgment?

---

1. The date was changed from June 22, 1977, to June 22, 1978.

2. See *Indiana State Highway Commission v. Bates & Rogers Construction Corp.*, (1981) Ind. App., 422 N.E.2d 400.

## DISCUSSION AND DECISION

The trial court erred in granting Bates's Petition for Order in Aid of Judgment.

This appeal presents the question of whether an award of interest under Indiana Code Section 8–13–5–7 precludes a further award pursuant to Indiana Code Section 34–4–16–6. Appellant state contends that both code sections deal with interest awarded on judgments against the state and that an award of interest under one section precludes an award of interest under the other. Appellee Bates argues that one section provides for interest while the other provides for a penalty which is merely computed based upon an interest formula, and that both may, therefore, be awarded. We cannot agree with Bates's interpretation.

We first note the language of the lower court in the original partial summary judgment order:

"2. Whereas the construction project was accepted by Defendant on December 5, 1977, Plaintiff was entitled to payment of all sums not in dispute within one hundred eighty (180) days after acceptance of the project. Failure to pay within the one hundred eighty (180) day period entitles Plaintiff in the instant case to six percent (6%) interest per annum on all sums due Plaintiff which are not in dispute.

3. Plaintiff is entitled to interest at the rate of six percent (6%) per annum on the Two Hundred Thousand Seven Hundred Fifty-seven Dollars and Eighteen Cents ($200,757.18) in retaining percentages, said interest to accrue from June 5, 1977 to the date of payment by Defendant to Plaintiff pursuant to the terms of this order." [3]

Record at 7. It is clear that, on its face, the court's judgment awards six percent (6%) interest without reference to any specific code section. However, the language of paragraph two of the court's order indicates that section 8–13–5–7 was relied upon. *See also Indiana State Highway Commission v. Bates & Rogers Construction Corp.*, (1981) Ind.App., 422 N.E.2d 400, 403. The parties and the court on appeal also relied upon Indiana Code Section 8–13–5–7 (1976) which stated, in pertinent part:

"Each contract entered into pursuant to the provisions of this chapter shall provide for final payment within one hundred eighty (180) days after acceptance of the project.... For each day after one hundred eighty (180) days ... the commission shall· pay to the contractor a penalty for late payment of money due to the contractor. The penalty shall be computed at the rate of interest of six percent (6%) per annum on the unpaid balance."

Section 8–13–5–7 was in effect at the time this action was brought. Also in effect at that time was Indiana Code Section 34–4–16–6 (1976) which stated:

"Whenever, by final decree or judgment of said superior court of Marion County, Indiana, or the Supreme Court, a sum of money is adjudged to be due any person from the state of Indiana, no execution shall issue thereon, but said judgment shall draw interest at the rate of six per cent (6%) per annum from the date of the adjournment of the next ensuing session of the general assembly until an appropriation shall have been made by law for the payment of the same and said judgment paid." [4]

Appellee urges upon this court a construction of the statutes as separate and distinct, with both statutes applicable to the case at bar. However, we cannot agree.

We begin by noting that both statutes deal with the state's failure to pay

---

**3.** *See* note 1 *supra.*

**4.** While Indiana Code Section 34–4–16–6 requires the judgment to be from the Marion County Superior Court or the Supreme Court, our courts have decided that the statute is abrogated by the effect of Ind.Rules of Procedure, Trial Rule 75 concerning venue. *See*

*Etherton v. Wyatt*, (1973) 155 Ind.App. 440, 446–47, 293 N.E.2d 43, 47–48. *See also State ex rel. Indiana Life and Health Insurance Guaranty Association v. Superior Court of Marion County*, (1980) Ind., 399 N.E.2d 356, 358. Thus, the Johnson Circuit Court had jurisdiction to hear the matter and to award judgment.

out money which is owed. In this respect, the statutes both speak to the same subject matter. It is clear that when two acts speak to the same subject matter, effect should be given to both acts if possible. *Wright v. Gettinger,* (1981) Ind., 428 N.E.2d 1212, 1219; *Matter of Lemond,* (1980) Ind., 413 N.E.2d 228, 245, n. 15; *Lloyd v. State,* (1979) Ind., 270 Ind. 227, 383 N.E.2d 1048, 1055–56. It is only when there is irreconcilable conflict that this court may interpret legislative intent to be that one statute gives way to another. *Wright.* Where statutes cannot be harmonized or reconciled, it is a general principle of statutory construction that the more specific or detailed statute should prevail over the more general statute. *Wagner v. Kendall,* (1980) Ind.App., 413 N.E.2d 302, 304–05; *Barr v. State,* (1980) Ind.App., 400 N.E.2d 1149, 1150. In the instant case, the lower court awarded interest on the judgment from June 5, 1977, to the date of payment.[5] The court's judgment does not expressly rely upon either statute. However, both parties give deference to section 8–13–5–7 as the statute which was applied by the court and intended by the parties.[6] We believe the lower court properly applied that section.

Section 8–13–5–7 deals with provisions governing the Indiana State Highway Commission. Section 34–4–16–6, on the other hand, deals with all public lawsuits against the state. This is demonstrated not only by the language of the statutes themselves, but also by the language of the chapter titles of each section.[7] It is well settled that this court may look to titles and headings of statutes in construing the intent of the legislature. *Pry v. Pry,* (1947) 225 Ind. 458, 468, 75 N.E.2d 909, 913; *Bender v. State ex rel. Wareham,* (1979) Ind. App., 388 N.E.2d 578, 580, *trans. denied.* Both the titles and the statutes themselves indicate that section 8–13–5–7 is the more specific of the two statutes concerning contracts with and actions involving the Indi-

ana State Highway Commission. The instant case involves disbursement of an undisputed sum of money arising from a contract for road construction. Section 8–13–5–7 clearly speaks more specifically to the subject and should prevail in any conflict regarding which statute is applicable.

Foremost in construing any statute is a determination, albeit in hindsight, of the legislature's intent. *Dague v. Piper Aircraft Corp.,* (1981) Ind., 418 N.E.2d 207, 210; *Custard v. City of South Bend,* (1981) Ind.App., 423 N.E.2d 712, 715. Whenever possible this court will give effect to the intent of the legislature. *Kuhn v. State ex rel. VanNatta,* (1980) Ind.App., 402 N.E.2d 38, 40; *Matter of Wisely's Estate,* (1980) Ind.App., 402 N.E.2d 14, 16, *trans. denied.* While it is clear that the language employed in a statute is deemed to have been used intentionally, the legislature will not be presumed to have expected their enactments to be applied in an illogical or absurd manner. *Field v. Area Plan Commission of Grant County,* (1981) Ind.App., 421 N.E.2d 1132, 1141; *City of Indianapolis v. Ingram,* (1978) Ind.App., 176 Ind.App. 645, 377 N.E.2d 877, 884. The construction that appellees urge, and that the lower court apparently adopted, is an unreasonable construction and gives rise to a result which the legislature clearly could not have intended.

Section 8–13–5–7 is written in terms of an interest penalty to be leveled against the state for tardiness in the payment of its obligations. Because of the way it is written, it provides for the interest penalty both pre- and post-judgment. The statute deals specifically with contracts between the commission and contractors it engages to construct highways. Section 34–4–16–6 deals with contract claims by any party against the state. The interest provision of each statute involves a payment of six per-

---

**5.** *See note 1 supra.*

**6.** As we previously noted, this is borne out by the language of the court's order.

**7.** Title 8, Article 13, Chapter 5 is entitled "General Provisions for Indiana State Highway Commission—1933," whereas Title 34, Article 4, Chapter 16 is entitled "Public Lawsuits: Suits Against the State."

cent (6%) interest. We cannot believe the legislature intended to allow two recoveries of six percent (6%) each against the state for the non-payment of money owed. To allow this would be to reach a conclusion which is both illogical and absurd.

 We also note that in construing the intent of the legislature, this court may look to subsequent enactments of the legislation. Where the legislature deletes certain language in subsequent enactments it is presumed that the legislature intended to change the law by the deletion, *Landers v. Pickering,* (1981) Ind.App., 427 N.E.2d 716, 718, *trans. denied; Tarver v. Dix,* (1981) Ind.App., 421 N.E.2d 693, 698, unless it plainly appears that the amendment was made only to express more clearly the original intention of the legislature. *H.W.K. v. M.A.G.,* (1981) Ind.App., 426 N.E.2d 129, 134; *Van Orman v. State,* (1981) Ind.App., 416 N.E.2d 1301, 1305. The subsequent enactments of Indiana Code Section 8–13–5–7 (1981) (effective September 1, 1981) and Indiana Code Section 8–13–5–7 (1982) (effective September 1, 1982) delete the penalty language originally found in the statute.[8] However, because of the nature of the statute and the purpose for which it was enacted, we are compelled to conclude that the penalty language was deleted in order to more clearly express the original intention of the legislature.

Our interpretation of the statutes, then, leads us to the conclusion that the lower court erred in awarding interest pursuant to appellee's Petition for Order in Aid of Judgment. Both statutes deal with the same matter as far as this case is concerned. One statute is more specific than the other. The statute apparently applied by the lower court in granting partial summary judgment had the effect of granting appellee both pre- and post-judgment interest at the then-current rate of six percent (6%). The

lower court referred to it as interest in its order and award. Both statutes provided the same interest rate. Subsequent enactments deleted the penalty language in order to cause the statute to more nearly comport with the legislature's intent. Finally, an application of Bates's construction would result in the state's paying interest twice—a result which is absurd and cannot be presumed to have been intended by the legislature. For these reasons we find that the court below erred in granting Bates's Petition for Order in Aid of Judgment.

Accordingly, we reverse the decision of the court below.

Reversed.

ROBERTSON, P.J., and NEAL, J., concur.

---

8. The interest provisions of the disputed sections have also been altered by the legislature. Indiana Code Section 8–13–5–7 (1982) provides for interest of 10%, while Indiana Code Section 34–4–16–6 (1982) provides for interest of 12%. Appellees argue that this is clear evidence of the legislature's intent to create two distinct

remedies. However, we cannot agree. Rather, it appears from the creation of separate rates that the legislature intended to afford contractors who deal with the State Highway Commission a remedy different than that afforded others who bring actions against the state generally.