**Yvonne Elaine GONZALES, as Administratrix of the Estate of Arthur Joseph Gonzales, Deceased, Plaintiff,**

v.

**UNION CARBIDE CORPORATION, Defendant.**

**No. H 78-409.**

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 20, 1983.

Rhett L. Tauber, Merrillville, Ind., Harry A. Wilson, Jr., Indianapolis, Ind., for plaintiff.

Thomas K. Peterson, Chicago, Ill., John T. Mulvihill and Douglas K. Dieterly, South Bend, Ind., for defendant.

## ORDER DENYING DEFENDANT'S POSTTRIAL MOTIONS

KANNE, District Judge.

This is a wrongful death case with jurisdiction based on diversity. The matter was tried to a jury. The evidence at trial disclosed that plaintiff's decedent, Arthur J. Gonzales, was employed by McKeown Transportation Company as a truck driver. The trucking company had a contract with the defendant, Union Carbide Corporation, to haul certain flammable and explosive gas products. While Mr. Gonzales was attempting to depart Union Carbide's terminal the hydrogen gas tanker which he was pulling exploded. Mr. Gonzales was killed and at age 28 left a widow and two children.

The jury found that Union Carbide was negligent and liable for the death of Mr. Gonzales. A verdict of $3,000,000 was returned in favor of the administratrix of Mr. Gonzales's estate and against Union Carbide.

Through their initial posttrial "Motion" Union Carbide requested the court to take one (or more) of the following actions:

Vacate the judgment and dismiss the lawsuit, pursuant to Rule 59(e) and/or Rule 60(b)(4), FED.R.CIV.P., for lack of subject matter jurisdiction raised now under Rule 12(h)(3), FED.R.CIV.P.

Grant a new trial, pursuant to Rule 59(a), FED.R.CIV.P., because of the existence of undue prejudice and passion.

Grant remittitur or in the alternative a new trial, pursuant to Rule 59(a), FED.R. CIV.P., because the verdict of $3,000,000 was grossly excessive.

Grant a new trial, pursuant to Rule 59(a), FED.R.CIV.P., because of prejudicial error with regard to the court's ruling on admission of evidence.

Union Carbide made a single brief mention of "Rule 50" in its "Motion" but has apparently chosen not to pursue a request for judgment notwithstanding the verdict. Thereafter Union Carbide filed its:

"Memorandum in Support of Defendant's Motion to Dismiss" under Rule 12(b)(1) for lack of subject matter jurisdiction.

Mrs. Gonzales responded to the motions and memoranda and the defendant's post-trial motions are at issue.

Now, after trial and entry of judgment, the issue which Union Carbide most vigorously advances is the alleged lack of this court's subject matter jurisdiction.

This case was initiated in 1978. During the pretrial stage and at trial Union Carbide acknowledged that Mr. Gonzales was not its employee and that this court had jurisdiction. Now for the first time Union Carbide discards its long held position and strongly claims that Mr. Gonzales was a special employee of Union Carbide at the time of his accident by virtue of the application of Indiana's borrowed servant doctrine. Union Carbide goes on to state that since Mr. Gonzales was really its special employee, sole jurisdiction over plaintiff's claims rests with the Indiana Industrial Board pursuant to Indiana Code §§ 22-3-2-6 and 22-3-4-6, and as a result this court is without subject matter jurisdiction in this case.

Union Carbide cites and apparently relies on language in a decision by this court in *Beach v. Owens-Corning Fiberglass Corp.*, 542 F.Supp. 1328 (N.D.Ind.1982). The issue in *Beach* concerned Indiana's borrowed servant doctrine and whether as a matter of law the undisputed facts in the case rendered the plaintiff a special employee of the defendant. On defendant's motion for summary judgment the court found plaintiff to be a special employee of the defendant and stated:

Therefore, plaintiff's claims against Owens-Corning properly come under the provisions of Indiana's Workmen's Compensation Act and *this court is without jurisdiction over those claims* [emphasis added].

*Id.* at 1331.

To the extent *Beach* could be read to stand for the proposition that Indiana's workmen's compensation laws can divest federal courts of diversity jurisdiction granted by Congress, *Beach* is incorrect. It is this court's view that the correct result was reached in *Beach*. In that case this court granted defendant summary judgment because it found that plaintiff was a special employee of defendant and by virtue of this status plaintiff's sole remedy for his injuries rested with the Industrial Dispute Board under Indiana's Workmen's Compensation Act. Plaintiff's complaint in *Beach* actually failed because no claim for relief was stated not because of lack of subject matter jurisdiction. *Beach* should therefore be viewed in light of the foregoing analysis.

In discussing a similar decision by a district court in Arizona, the Ninth Circuit Court of Appeals in *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311 (9th Cir.1982), stated:

The district judge apparently concluded that because Arizona law would deprive an Arizona court of jurisdiction in a like case filed in state court, the federal court lacked diversity jurisdiction. Here, he erred. The question is whether the Indians' complaint stated a claim for relief under Arizona law pursuant to *Erie*, rather than whether the district court lacked subject matter jurisdiction.... *[S]tate law may not control or limit the diversity jurisdiction of the federal courts. The district court's diversity jurisdiction is a creature of federal law under Article III and 28 U.S.C.*

*§ 1332(a). Pursuant to the supremacy clause, Section 1332(a) preempts any contrary state law. Nothing in Erie compels a different conclusion* [emphasis added].

*Id.* at 1315.

■ Legislative enactment by the Indiana General Assembly with regard to employer-employee liability cannot divest the diversity jurisdiction of this court granted by congressional enactment.

■ It is clear, a state legislature can define plaintiff's cause of action under state law for work related injuries and/or limit the nature of the remedy for such injuries. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Indiana's workmen's compensation laws, when timely raised as a legal defense, constitute binding provisions for a U.S. District Court sitting in diversity. However, Indiana's legislature under the supremacy clause cannot define or limit this court's subject matter jurisdiction. Where diversity requirements are met an injured employee may afford himself of the jurisdiction of the federal courts, but his claim against an employer may fail through the application of Indiana's workmen's compensation laws and their exclusive remedy provisions.

Prior to the *Kerr-McGee* decision this court addressed the matter of an employee's exclusive remedy under workmen's compensation in *Hickman v. Western Heating & Air Conditioning Co.*, 207 F.Supp. 832 (N.D.Ind.1962). *Hickman* was a wrongful death action and defendants moved to dismiss the case on the same grounds now urged by Union Carbide. In *Hickman*, the late Judge Beamer stated:

Defendants have filed a Motion to Dismiss the action on grounds that Plaintiff's sole and exclusive remedy ... is a claim for compensation before the Industrial Board of Indiana under the Workmens Compensation Act.

*Id.* at 833. Judge Beamer in his findings and order then set forth the stance to be taken by a federal court in dealing with diversity claims covered by Indiana's workmen's compensation laws:

Plaintiff's remedy [under the Workmen's Compensation Act] is exclusive ....

Since Plaintiff's Complaint fails to allege the elements necessary to preclude application of Indiana's Workmens Compensation Act, *this action must be dismissed for failure to state a claim upon which relief can be granted* [emphasis added].

*Id.* at 834.

The court adopts the reasoning set forth in *Begay v. Kerr-McGee Corp., supra,* and the characterization of the issue stated by Judge Beamer in *Hickman v. Western Heating & Air Conditioning Co., supra.*

■ The court determines that the assertion of Union Carbide regarding the employment status of Mr. Gonzales is not properly raised as a claim of lack of subject matter jurisdiction, but rather as a failure of Mrs. Gonzales to state a claim for relief. Union Carbide's arguments must be examined in the context of a Rule 12(b)(6) motion rather than a Rule 12(b)(1) motion. *See,* Wright & Miller, *Federal Practice & Procedure,* § 1350, page 543.

■ Pursuant to Rule 12(h)(2) of the FED.R.CIV.P. a defense of failure to state a claim upon which relief can be granted may be made even as late as the trial on the merits.

However, a defense of failure to state a claim upon which relief can be granted is waived if not presented before the close of trial. *See,* Wright & Miller, *Federal Practice & Procedure,* § 1392, page 862. In *Weaver v. Bowers,* 657 F.2d 1356, 1360 (3rd Cir.1981), the court more specifically noted that under Rule 12(h)(2) of the FED.R. CIV.P., a defense of failure to state a claim must be raised before judgment or it is waived.

In *Brule v. Southworth,* 611 F.2d 406 (1st Cir.1979), the First Circuit Court of Appeals clearly focused on the issue now presented to this court. There, only after trial, did the defendant assert that the

district court lacked subject matter jurisdiction. The Appeals Court stated:

> While the [defendants] argument is presented as jurisdictional, it is plain that its underpinnings rest on the contention that plaintiffs failed to state a claim on which relief could be granted, *see* FED. R.CIV.P. 12(b)(6); and we think it is fatal that defendants never asserted any such ground in the district court, either before or during trial. Having neglected to assert the defense of failure to state a claim below, defendants have waived their right to assert it now. FED.R. CIV.P. 12(h)(2); *Black, Sivalls & Bryson, Inc. v. Shondell,* 174 F.2d 587, 590–91 (8th Cir.1949); 5 C. Wright & A. Miller, *Federal Practice & Procedure;* Civil Section 1392 at 862. *Defendants now wish to breathe new life into their waived defense of failure to state a claim by presenting it as a challenge to the court's subject matter jurisdiction—the latter being an issue which, of course, neither the parties nor the court could waive. We see no merit in this approach* [emphasis added].

*Id.* at 409.

This court sees no merit in Union Carbide's much belated effort to assert the claim of lack of subject matter jurisdiction when such claim is actually a defense of failure to state a claim upon which relief can be granted.[1] The defense of failure to state a claim upon which relief can be granted is clearly untimely and thus waived. For the reasons stated above defendant's motion to dismiss based on lack of subject matter jurisdiction should be denied. For clarity and to the extent that Union Carbide attempted to raise its asserted defense of lack of subject matter jurisdiction under Rule 60(b)(4), that request should also be overruled and denied for the same reasons.

Because the claim is untimely and therefore waived the court does not reach the issue of whether Mr. Gonzales was a special employee of Union Carbide.

The court next finds that defendant's request for a new trial under Rule 59(a) because of the existence of undue prejudice and passion and because of prejudicial error with regard to the court's rulings on admission of evidence are without merit and should be overruled and denied.

■ Finally, the court will briefly examine Union Carbide's request that the court grant remittitur or in the alternative a new trial under Rule 59(a) because the verdict of $3,000,000 was grossly excessive.

An economist called as an expert witness by Mrs. Gonzales projected the decedent's worklife earnings plus fringe benefits at $2,242,700 (Plaintiff's Exhibit 355b). The economist further testified that the decedent's lost earnings reduced to a present discounted value as of the date of the accident was $1,023,500, and that as of the date of the trial in 1983 the value was $1,556,900 (Plaintiff's Exhibit 355c).

In closing argument counsel for Mrs. Gonzales suggested to the jury that 1.5 million to 3 million dollars would be appropriate for additional damages based on the

---

**1.** The belated postjudgment claim that Mr. Gonzales was a special employee of Union Carbide might be viewed as violative of Rule 11 of the FED.R.CIV.P. In pertinent part Rule 11 states: "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass *or cause unnecessary delay or needless increase in the cost of litigation* .... If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee [emphasis added]." It is clear that, contrary to their posttrial assertions, Union Carbide acknowledged in pleadings, and other motions, that Mr. Gonzales was not its employee. However, based on the denial of defendant's posttrial motions, the court sees no reason to address this question under Rule 11.

evidence of the loss of services, love, affection, care, training and guidance of the decedent as husband and father.

Accepting the economist's testimony as credible evidence the question for the court is whether slightly less than 1.5 million dollars represents a "monstrously excessive" amount for the loss of services, love, affection, care, training and guidance of the decedent as husband and father. Did that amount bear a rational connection with the evidence on damages? *Abernathy v. Superior Hardwoods, Inc.*, 704 F.2d 963, 971 (7th Cir.1983). The answer is yes.

While the verdict is unquestionably large and no doubt its size was unexpected by Union Carbide this court must adhere to the standards enunciated and not substitute its opinion for that of the jury unless it is shown that the jury's decision is beyond all reasonable limits of compensation. This court cannot say that either the recovery for lost earnings nor the value of Mr. Gonzales as husband and father as determined by the jury was "monstrously excessive".

Therefore, Union Carbide's request that the court grant remittitur or in the alternative a new trial pursuant to Rule 59(a) should be overruled and denied.

Based on the foregoing findings the court OVERRULES and DENIES Union Carbide's posttrial motion requesting the court to: vacate the judgment and dismiss the lawsuit for lack of subject matter jurisdiction; grant a new trial because of the existence of undue prejudice and passion; grant remittitur or in the alternative a new trial because the verdict of $3,000,000 was grossly excessive; and grant a new trial because of prejudicial error with regard to the court's ruling on admission of evidence.