**Jackie N. BEACH and Julia M. Beach, Husband and Wife, Plaintiffs-Appellants,**

v.

**OWENS–CORNING FIBERGLAS CORP., Defendant-Appellee.**

No. 82–2373.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1983.

Decided Jan. 16, 1984.

Revised Feb. 24, 1984.*

* The original opinion in this case was issued on January 16, 1984. This revised opinion is issued in light of matters raised in the plaintiffs' petition for rehearing and suggestion for rehearing *en banc.*

On consideration of the plaintiff's petition for rehearing and suggestion for rehearing *en banc,* no judge in active service having requested a vote thereon, and all of the judges on the original panel having voted to deny rehearing, it is ordered that the aforesaid petition be, and the same is hereby, denied.

Edward L. Volk, LaPorte, Ind., for plaintiffs-appellants.

Robin D. Pierce, Merrillville, Ind., for defendant-appellee.

Before BAUER and FLAUM, Circuit Judges, and EVANS, District Judge.**

BAUER, Circuit Judge.

■ Plaintiff Jackie Beach and his wife Julia appeal from entry of summary judgment in favor of Defendant Owens-Corning Fiberglas Corporation. We affirm the district court's judgment, but for reasons different from those on which the district court relied.[1] The district court ruled that it was without jurisdiction to hear the case, because exclusive jurisdiction rests with the Industrial Disputes Board under the Indiana Workmen's Compensation Act, Ind. Code § 22–3–1–2 (Burns 1974). We agree that this case as a matter of law belongs before the disputes board. The proper analysis, however, is that the plaintiffs failed to state a claim upon which relief could be granted.

** The Honorable Terence T. Evans, Judge of the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

1. We will affirm a district court's correct decision, even if it was based on incorrect reasoning. See, e.g., Benner v. Negley, 725 F.2d 446, 450 (7th Cir.1984); Streit v. Fireside Chrysler-Plymouth, Inc., 697 F.2d 193 (7th Cir.1983).

Plaintiff Jackie Beach was employed by U.S. Piping, Inc., which had contracted with Owens-Corning to supply labor on a construction project.[2] Beach was injured while working and sued Owens-Corning. The district court ruled that Beach was an Owens-Corning employee under Indiana's borrowed servant doctrine at the time he was injured, and thus concluded that the Industrial Disputes Board has exclusive jurisdiction over Beach's claims.

The plaintiffs argue that the district court improperly denied their right to a jury trial by resolving the employment status issue on summary judgment. Moreover, the plaintiffs argue that genuine issues of material fact preclude summary judgment.

I

■ The plaintiffs argue that genuine issues of material fact preclude summary judgment on the employment status issue. We agree with the district court, however, that the material facts were not in dispute. See Beach v. Owens-Corning Fiberglas Corp., 542 F.Supp. 1328, 1329 (N.D.Ind. 1982). The real issue is whether the district court properly applied the relevant law. We believe that it did.

The Indiana courts have applied a seven-factor test for an employer-employee relationship. Fox v. Contract Beverage Packers, Inc., 398 N.E.2d 709 (Ind.App.1980). Those factors, discussed by the district court, include who establishes the work boundaries and who controls the means used to do the work. Id. at 712. Indiana courts also have applied a "control" test, stating that "the real and decisive test of employment ... is who had the power or right to command the act and to direct the means, manner or method of performance .... " Wabash Smelting, Inc. v. Murphy,

2. The facts relating to Beach's employment status and accident are presented in the district court's opinion,. Beach v. Owens-Corning Fiberglas Corp., 542 F.Supp. 1328 (N.D.Ind.1982), and need not be restated here.

134 Ind.App. 198, 186 N.E.2d 586 (1962). In addition to these tests of employment status, the *Fox* court recognized that a worker may be an employee of more than one employer at any given time. *Fox,* 398 N.E.2d at 711.

The plaintiffs contend that because the defendant does not qualify as an employer under the seven *Fox* factors, Beach was not an Owens-Corning employee at the time of the accident. The district court rejected this approach under an analysis incorporating both the *Fox* factors and the control test. *Beach,* 542 F.Supp. at 1329 (quoting *Jackson Trucking Co. v. Interstate Motor Freight System,* 122 Ind.App. 546, 104 N.E.2d 575 (1953)). The court concluded that U.S. Piping and Owens-Corning may have been dual employers of Beach and that Owens-Corning "clearly possessed and was exercising th[e] right to control the means, manner and method of the plaintiff's work, at the time of the accident." *Beach,* 542 F.Supp. at 1330.

We believe that nothing in *Fox* mandates a defendant to meet all seven factors before it can be considered an employer. The district court thus properly applied *Fox* and the *Jackson Trucking-Wabash Smelting* control test. Because the defendant clearly had the right to control Beach's work, Owens-Corning was Beach's employer at the time of the accident as a matter of law. Under no circumstances could Beach be considered not to have been Owens-Corning's employee. Accordingly, the plaintiffs cannot sue in Indiana courts and cannot maintain this action in the federal district court. Our ruling thus does not raise the issues concerning the right to trial by jury considered in *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), and *Magenau v. Aetna Freight Lines, Inc.,* 360 U.S. 273, 79 S.Ct.

1184, 3 L.Ed.2d 1224 (1959), as so vehemently argued by the plaintiffs.

## II

The question of Beach's employment status relates to the threshold issue of whether the plaintiffs stated a proper claim for relief. Indiana substantive law applies to this issue. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Although the parties' arguments and the district court's ruling focused on whether that court had subject matter jurisdiction over the plaintiffs' claims, in fact the plaintiffs properly invoked the district court's diversity jurisdiction. Even though Indiana law vests exclusive jurisdiction over cases such as this one in its Industrial Disputes Board, a federal court properly may exercise jurisdiction over them. State law cannot be construed to enlarge or contract federal jurisdiction. *Begay v. Kerr-McGee Corp.,* 682 F.2d 1311, 1315–16 (9th Cir.1982).

Despite our ruling that the district court had jurisdiction to entertain this suit, we affirm the entry of summary judgment because Indiana has eliminated the cause of action asserted by the plaintiffs. The Indiana law vesting exclusive jurisdiction over disputes between employees and their employers in the disputes board operates to close state court doors to the plaintiffs. The state's denial of a judicial remedy in this case is a denial of the substantive right asserted by the plaintiffs.[3] An employee or his representatives or kin may make no claim other than before the Industrial Disputes Board. Accordingly, the state courts have no jurisdiction over the plaintiffs' claims, and the plaintiffs therefore have no claim to press in this federal action, which depends entirely upon state law. *See Woods v. Interstate Realty Co.,* 337 U.S. 535, 538, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524 (1949); *Begay,* 682 F.2d at 1316–19.

---

**3.** Indiana Code § 22–3–1–2 states, in part: "(a) The industrial board shall have immediate charge of the administration of the provisions of the Workmen's Compensation Act ...." Section 22–3–2–6 of the Code states:

**Rights and remedies of employee exclusive.**—The rights and remedies herein granted to an employee subject to this act ... on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death.

The district court should have ruled that the plaintiffs failed to state a claim upon which relief could be granted. On that basis, the district court's order is affirmed.

AFFIRMED.