Richard E. JOHNSON, Individually and as a representative of a class too numerous to mention, Appellant (Plaintiff Below),

v.

James L. WELLS, Sheriff of Marion County, Appellee (Defendant Below).

No. 1–785A180.

Court of Appeals of Indiana, First District.

Jan. 13, 1986.

Rehearing Denied Feb. 20, 1986.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant (plaintiff below).

Stephen E. Schrumpf, Asst. Corp. Counsel, City-County Legal Div., Indianapolis, for appellee (defendant below).

ROBERTSON, Presiding Judge.

The plaintiff-appellant Richard E. Johnson (Johnson) appeals from the granting of a summary judgment in favor of the defendant-appellee Sheriff of Marion County, James L. Wells.

The undisputed facts are that Sheriff Wells suspended Deputy Johnson for three working days because of violations of departmental rules and regulations without pay pursuant to IND.CODE 36–8–10–11.

The sole issue is whether a suspension without pay is authorized by I.C. 36–8–10–11 [1], which reads in relevant part:

> Disciplinary proceedings—Political activities of officers—Subpoena powers of sheriff's merit board.—(a) The sheriff may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair public hearing before the board, which is reviewable in the circuit court. A notice of the charges and hearing must be delivered by certified mail to the officer to be disciplined. The officer may be represented by counsel.
>
> (b) The board shall make specific findings of fact in writing to support its order. *The sheriff may temporarily suspend an officer for a period not exceeding fifteen (15) days, without a hearing before the board, after preferring charges of misconduct in writing delivered to the officer.* (emphasis added.)

The essence of Johnson's argument on appeal is that the absence of words "without pay" in the statute prohibits that sanction from being used.

Foremost in construing any statute is a determination, albeit in hindsight, of the legislature's intent. *Dague v. Piper Aircraft Corp.*, (1981) [275] Ind. [520], 418 N.E.2d 207, 210; *Custard v. City of South Bend*, (1981) Ind.App., 423 N.E.2d 712, 715. Whenever possible this court will give effect to the intent of the legislature. *Kuhn v. State ex rel. VanNatta*, (1980) Ind.App., 402 N.E.2d 38, 40; *Matter of Wisely's Estate*, (1980) Ind.App., 402 N.E.2d 14, 16, *trans. denied*. While it is clear that the language employed in a statute is deemed to have been used intentionally, the legislature will not be presumed to have expected their enactments to be applied in an illogical or absurd manner. *Field v. Area Plan Commission of Grant County*, (1981) Ind.App., 421 N.E.2d 1132, 1141; *City of Indianapolis v. Ingram*, (1978) Ind.App., 176 Ind.App. 645, 377 N.E.2d 877, 884. *Ind. St. Hwy. Com'n. v. Bates & Rogers Const.*, (1983) Ind.App., 448 N.E.2d 321 at 324.

The statute relates to the discipline of county police officers. Suspension with pay is a reward, not discipline. To hold

---

1. Subsequent amendments to the statute play no part in the appeal.

otherwise would be to apply the statute in an illogical, absurd, or unreasonable manner. *Bates & Rogers, supra.*

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.